## Moses Wisner vs. Ira Davenport.

The preceding case of *Clark vs. Mowyer* affirmed.

It is not necessary that the supervisor's warrant, appended to the tax-roll, should run in the name of the People.

Under the Revised Statutes of 1838, the township board had authority, independent of any vote of the electors, to raise money for the purpose of paying the claims audited and allowed against the township.

Where there is a conflict of evidence, and the jury, by weighing it, are to find facts, it is the duty of the Court, in instructing the jury, to propound the law, and direct its application to the facts as they may be found. But when the fact is admitted, or undisputed, and there is no conflict of evidence, the question is one of law, upon which direct instruction ought to be given.

*Heard June 12th. Decided July 15th.*

Case made after judgment from Genesee Circuit.

The action was ejectment for lands in the township of Atlas.

On the trial before Hon. S. M. Green, at the June Term, 1856, plaintiff proved title from the United States.

The defendant gave in evidence deeds in due form, issued upon sales of the same lands for taxes delinquent for the years 1845, 1846, and 1847. Under these deeds defendant claimed title.

The plaintiff, to show the invalidity of said deeds, introduced in evidence the tax-rolls for the years mentioned, with the supervisors' warrants annexed, which did not run in the name of the People of the State of Michigan.

The plaintiff also introduced in evidence the township records of Atlas, by which it did not appear that any money was voted at the township meetings, for township purposes, in either of those years. It appeared that for each of said years, the township board voted to raise money, specifying the amount, and that the same was assessed and collected uniformly upon the property of the township. Also, that on the settlement with the township treasurer for each year, a balance was found unexpended, which was credited to the several funds to which it belonged. Also, that the amount of accounts audited and allowed in each of said years did not equal the amount so voted and collected, by from twenty to thirty dollars; but the balances were credited to the respective funds from year to year.

The plaintiff also gave in evidence the notices of the tax sales, given by the Auditor General and county treasurer; which were the same set forth in the case of *Clark vs. Mowyer, ante, p.* 462.

The Court charged the jury, among other things,—

1st. That the warrants appended to the tax-rolls, not being in the name of the People, rendered the proceedings thereafter illegal; and that defendant's title was therefore void.

2d. That the township board had no power under the Revised Statutes of 1838 to raise money for township purposes without a vote of the people. But if they had such power, they had no right to raise more than the accounts audited and allowed.

3d. That the notice of sale is insufficient unless accompanied by an additional notice signed by the county treasurer, designating the place of sale, and published with the regular notice of the Auditor General; and that the posting up of notices designating the place of sale was insufficient.

4th. That, for the above reasons, the jury should find for plaintiff.

Exceptions having been taken to this charge, the case, after judgment for plaintiff, was removed to this Court for review upon such exceptions.

*J. M. Howard, H. H. Emmons, Geo. V. N. Lothrop,* and *W. M. Fenton,* for defendant.

*C. I. Walker* and *M. Wisner,* for plaintiff.

MARTIN Ch. J.:

The first charge of the Court below was clearly wrong. This precise question was decided in *Tweed vs. Metcalf,* 4 *Mich.* 579.

The second charge was also erroneous, in holding that the township board had no power to raise money for township purposes without a vote of the people. Sec. 40 of Chap. 1, Title IV. of Revised Statutes of 1838 (*p.* 64) provides that the township board shall audit and settle all claims against the township; and the allowance of any sum on account of such claims, *as well as* any sum directed by vote of the township meeting to be raised for township purposes, shall be considered proper township charges, and shall be raised on the taxable property of the township, in the manner provided by law. Sec. 13, of Chap. 2, Title V. (*p.* 82) requires the township clerk to deliver to the commissioners a statement of the amount to be raised in the township for township purposes, and for the purpose of defraying township charges and incidental expenses, as well as that voted for specific purposes; and Secs. 3 and 5 of the next chapter (*p.* 84) define the manner in which such sums shall be raised. These sections together, evidently contemplate that the township board has authority to raise money, independently of any vote of the electors, for the purpose of paying the claims audited and allowed against the township.

The subsequent part of the second charge is correct—the board having no authority to raise any money except to defray such charges; but as this part of the charge was evidently made to hinge upon the former, which was made the imperative guide of the jury, it could not have been taken into consideration by them in making up their verdict. This charge was, therefore, taken together, all erroneous.

The third charge is disposed of by *Clark vs. Mowyer*, just decided.

The fourth charge was incorrect, because, based upon the former erroneous charges. In the *form* of the charge, however, under the circumstances, we see no error. Where there is a conflict of evidence, and the jury, by weighing it, are to find facts, it is the duty of the Court, in instructing the jury, to charge hypothetically; that is, to propound the law, and direct its application to the facts as they may be found; but where the fact is admitted, or undisputed, and there is no conflict of evidence, the question is one of law, upon which direct instruction ought to be given. There is no reason, nor authority, for requiring a Court to throw doubt on a certainty in charging a jury; for this would tend to mislead and confuse, rather than to instruct, and multiply what are called the uncertainties of the law.

For these reasons, the judgment of the Court below should be reversed with costs, and a new trial granted.

The other Justices concurred.