EDWIN BYLES v. TOWNSHIP OF GOLDEN.

*Question of fact—Mandamus—Town taxes.*

1. A question of fact is not to be submitted to a jury if there is no evidence bearing on it.

2. Mandamus is not the proper remedy for compelling a township to refund the amount of a tax unlawfully levied if there is any issue involved which should go to the jury.

3. The township treasurer, in Michigan, is an officer and agent of the township in collecting such taxes as would be retained in the township treasury after paying to the county treasurer the State and county taxes; and the township is liable to one who has been wrongfully taxed for the amount received from him even though it has been paid out from the township treasury on orders from the proper school and highway authorities.

4. Township orders received in the township treasury as money are equivalent to money, and must be accounted for in the same way.

Error to Oceana.   (Russell, J.)   Jan. 23.—Feb. 8.

ASSUMPSIT.   Plaintiff brings error.   Reversed

*Fletcher & Wanty* for appellant

*L. G. Rutherford* for appellee.   Quasi municipal cor-
porations are not responsible for the acts of officers who,
for the State's convenience, are chosen within its geograph-
ical limits: *People v. VanKeuren* 74 N. Y. 310; *Highway
Comr's v. Martin* 4 Mich. 557; *Leoni v. Taylor* 20 Mich.
152; *Hart v. Oceana County* 44 Mich. 417; *Waltham v.
Kemper* 55 Ill. 346.

COOLEY, C. J.   Plaintiff sues the township to recover the
amount received by its treasurer on a sale of his property
to satisfy a tax assessed against him, and for which he in-
sists he was not liable.   He was not a resident of the town-
ship, but had property within it, for which, under certain
circumstances, he might be there taxable.   The circuit
judge in submitting the case to the jury told them there
was no evidence tending to show that the plaintiff was lia-
ble to taxation in the township.   Nevertheless he seems to
have submitted the question of his liability to them as one
of fact, and they found for the defendant.   This was error,
and requires a reversal of the judgment.

The point is made for the defense that, if plaintiff
was not liable to taxation, mandamus is his proper remedy;
the amount of the liability being determined by the law
itself when the question of fact is determined.   But the
question of fact is not one which can be conveniently tried
on mandamus.   It will usually involve disputed questions
of residence and business, which would render an issue for
a jury necessary, and it is therefore more proper that the
party should take his controversy immediately to the court
of original jurisdiction instead of bringing it first to this
Court that we may send it there.   Besides, the duty of the
defendant to satisfy the plaintiff's demand does not arise
upon contract, but from the seizure and sale of his prop-

erty, and the case differs radically in that particular from
*Dayton v. Rounds* 27 Mich. 82, and the cases following it,.
upon which the argument for defendant is based.

The principal questions are, whether the township is lia-
ble at all, and if so, for what taxes.   It is contended for
the defendant that the township treasurer in collecting
and paying over taxes is not the agent of the township, but
is only an officer whom the electors of the township are re-
quired by State law to elect for the performance of certain
duties, in some of which the township is concerned, while
others concern the State, the county or other municipalities.
This seems to be the view held under the statutes of New
York, where it is said the town as such has no treasury,.
and the tax collector, after paying over specified sums of
money collected to the supervisor, commissioners of high-
ways, superintendent of schools and overseers of the poor,.
pays the residue to the county treasurer.   *Lorillard v.
Monroe* 11 N. Y. 392.   But the township system in this
State is considerably different.   We have a township treas-
ury, *People v. Bringard* 39 Mich. 22, and the township
treasurer, after collecting the taxes, retains in it all except the
State and county taxes until orders are presented upon
which he may lawfully pay them out.   [How. St. § 1038.]
The State and county taxes he pays over to the county
treasurer.   Ibid.   The New York cases have therefore no
application.

It was not claimed in this case that the township was
liable for the amount of the State and county taxes received
by the treasurer, but it is insisted that for all moneys which
were to be retained in the township treasury it was liable.
This would include school and highway taxes, which the
treasurer pays out on orders from the proper school and
highway authorities, and which, it appears in this case, he
had paid out before the suit was instituted.   There is an
apparent hardship in holding the township liable for
moneys thus paid over; but on the other hand when the
plaintiff traces his moneys to the treasury of the township
it would seem plain that a right had accrued in his favor

which could not be discharged by subsequent action of the township authorities to which he was in no sense a party. The defendant has received his money and must account to him for it; not to any one else.

It appeared in the case that a portion of the treasurer's collections was made in township orders; but that was of no importance. The orders were received at the township treasury as money and were the equivalent of money to the township.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.