## HALEY v. ELLIOTT.

1. APPEAL UNDER ACT OF 1885 — REQUIREMENTS OF THE ABSTRACT.— In the prosecution of an appeal to the supreme court under the act of 1885, the appellant's abstract of the record must contain sufficient of the proceedings to enable the court to fully understand and determine the questions presented for decision, and in default of such an abstract the appeal must be dismissed.

2. TAX SALE OF PERSONAL PROPERTY — REGULARITY OF PROCEEDINGS
QUESTIONED ON APPEAL.— Where the contest below involved the
regularity of a tax sale of personal property, the validity of the tax,
assessment, levy, sale and all the proceedings being denied by the
appellant, who was plaintiff in the trial court, and the same ques-
tions- are presented here, the appeal must be dismissed where the
abstract of the record fails to contain exemplifications of the tax
schedule, assessment roll, bill of sale from county treasurer to pur-
chaser, and other necessary exhibits.

3. TAX WARRANT NOT JUDICIAL PROCESS.— A warrant to collect taxes
is not a "process," within the meaning of the provision of the con-
stitution relative to judicial proceedings, and it is not essential to
its validity that it shall run in the name of the people.

*Appeal from Larimer County Court.*

Mr. W. T. HUGHES, for appellant.

Mr. J. M. BREEZE, Mr. D. E. PARKS and Mr. H. B. JOHN-
SON, for appellee.

RICHMOND, C.   This was an action of replevin instituted
by Haley as plaintiff in the justice's court, subsequently
appealed to the county court of Larimer county, where
judgment was rendered against the plaintiff, to reverse
which he prosecutes this appeal.   The appeal was perfected
under the act of 1885.

The undisputed facts are that plaintiff was the owner of
two horses, and that on or about November 30, 1886, L. H.
Breeze, the then county treasurer of Routt county, seized
the horses for an alleged tax due said county, and sold the
same at a tax sale, the defendant becoming the purchaser.
Thereafter plaintiff instituted this suit in replevin to re-
cover the horses, claiming that no tax was due from him to
the county; that his property was never valued or assessed;
that there was no meeting of the board of equalization;
that the tax proceedings and sale were void; and that no
title passed to defendant as purchaser at the tax sale.

The contention of appellant is that, he having proved
ownership, it was the duty of the defendant to establish
title as purchaser by showing that the tax was due, and that

all of the proceedings in the assessment, levy and sale were regular and valid.

The cause was tried in the court below, and it appears that several exhibits, numbered from 1 to 5, were introduced on the part of defendant, and, in addition thereto, a bill of sale, executed in due form by the treasurer of said county to him, as purchaser, was also introduced. Upon the testimony and exhibits the court below found for the defendant, and entered judgment against plaintiff for costs. Whether this finding and conclusion of the court were correct or not it is absolutely impossible for us to determine from the abstract and record in this case, the appellant having failed to submit in his abstract the exhibits produced in the court below.

The act under which this appeal was prosecuted provides that the cause shall be submitted to the supreme court upon printed abstracts of the record, setting forth so much thereof as may be necessary to a full understanding of the question presented for decision, and no more. The act further provides for additional and amended abstracts in case the parties differ as to the correctness or sufficiency of those supplied. But one abstract is filed, and that by the appellant, and it does not contain enough to enable us to say whether or not the defendant below failed to show title as purchaser at the tax sale, conceding it was his duty to do so. The tax schedule, exemplifications of the assessment roll, bill of sale from the treasurer, and other papers are omitted from the abstract, which we think it was the duty of the appellant to submit.

It is not incumbent upon this court to look beyond the abstract of record for the purpose of determining the controversy, nor are we at liberty to do so. The statute required that sufficient shall be submitted to enable the court to fully understand and determine the question presented for its decision. *South Boulder Ditch Co. v. Community Ditch Co.*, 8 Colo. 429; *Hurd v. McClellan*, 13 Colo. 7.

But fairness to appellant's counsel probably requires that

we should notice, regardless of the imperfect abstract, one point urged for reversal. The abstract contains a copy of the tax warrant under which the property in question was levied upon and sold. This warrant did not run in the name of the people, and counsel insists that it was for this reason void, and the sale thereunder was therefore a nullity. The listing, valuation and tax levy have been likened to a judgment; and the "warrant to collect" has been spoken of as somewhat analogous to an execution. But we do not think counsel's present objection well taken. The constitutional provision upon which he relies is found alone in the judiciary article of that instrument; and, in our judgment, the word "process" is there used solely with reference to judicial processes, *i. e.*, processes issued in ordinary judicial actions, proceedings or prosecutions. *Tweed v. Metcalf*, 4 Mich. 579; *Wisner v. Davenport*, 5 Mich. 501. The appeal should be dismissed without prejudice.

BISSELL and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the appeal is dismissed without prejudice.

*Appeal dismissed.*