JOEL H. GILLETT v. EZRA S. KNOWLES.

*Sale—Husband and wife—Application of payments.*

1. A husband can maintain an action in his own name to recover the value of personal property belonging in whole or in part to his wife, and sold by him to the defendant with her assent.

2. Where, in a suit to recover the value of personal property sold to the defendant, the undisputed evidence shows an agreement by the plaintiff to apply upon said claim the value of personal property afterwards purchased by him of the defendant, the jury should be instructed to make such application.

Error to Hillsdale. (Lane, J.) Argued June 15, 1893. Decided October 2, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*F. A. Lyon,* for appellant.

*J. R. Sutton, E. J. March,* and *G. A. Knickerbocker,* for plaintiff.

MONTGOMERY, J. Plaintiff recovered a judgment for the value of personal property sold to defendant. Defendant appeals.

1. It is claimed that the court below should have directed a verdict for the defendant because of failure to join plaintiff's wife as a party. The testimony, when fairly analyzed, shows this state of facts: At the time of the marriage of plaintiff and his wife, he brought certain of the personal property to the farm which they occupied, which property was unquestionably his individual property. Some portion of the property was then on the farm belonging to the wife. There were also included in the sale some crops grown on land owned by plaintiff and his wife in common.

Some of the property belonged to the husband in his own right, some to the wife in her own right, and some to the parties jointly. A sale was made to the defendant by the husband. This was a single sale, made by the husband with the wife's knowledge and consent. It is apparent that the parties did not intend a joint sale, nor would a joint judgment represent truly the respective interests of the parties. The transaction, fairly viewed, amounted to this: The wife assented that her husband might take the property belonging in whole or in part to her, and make a sale in his own name. The contract was with him, and enforcible by him.

2. On the same day of the sale of the personal property, the plaintiff also sold to defendant the farm upon which the personal property was situated. The consideration was not paid at the time. Subsequently, as security for the unpaid portion of the purchase price of the farm, a note and mortgage, executed by one Ebin Blanchard, were turned over to the plaintiff and his wife. Subsequently, personal property and cash were paid to plaintiff by defendant, amounting to $265. It is insisted by defendant that the evidence shows that this should be applied as payment upon the indebtedness here sued for. The circuit judge submitted that question to the jury; but it is contended that the evidence conclusively shows that the application of the payments should have been upon the property in question. There was testimony tending to show that defendant had subsequently assumed to apply the price of the horse, buggy, harness, and robe upon the indebtedness owing by him for the purchase of the real estate. The circuit judge correctly charged the law as follows:

"Upon the question of whether the amount which the horse, buggy, harness, and robe were sold for was to ope-rate as a payment upon this amount of personal property, you are instructed that, if there was an understanding

between the parties at the time of the sale that it should be so applied, then it must be so applied by you, and what either of them may have done afterwards, if there was such an understanding between the parties, could not affect the question one way or the other. If there was no such understanding or agreement between the parties as to its application at the time when the property was taken, then Mr. Knowles would have a right to say how that should be applied. If it was understood that it was to operate in payment of the indebtedness which he (Knowles) had, Mr. Knowles would have a right to say how it should be applied; and any application which might have been made by him would bind the parties."

This is a correct exposition of the law upon the subject. But the circuit judge evidently overlooked the undisputed testimony to the effect that there was an agreement to apply the personal property upon the plaintiff's claim. The plaintiff testified as follows:

"*Q.* Did he ever let you have any personal property which was agreed to be applied on this?
"*A.* He let me have a horse and buggy and robe.
"*Q.* Was that to be applied on that $300?
"*A.* I suppose so. I agreed to take that as far as it went.
"*Q.* Towards this personal property?
"*A.* Yes, sir.
"*Q.* How much was the mare worth?
"*A.* $140.
"*Q.* Any price agreed upon?
"*A.* I understood the price was to be $140.
"*Q.* What was said about the price of the mare?
"*A.* He offered me the mare for $140.
"*Q.* And you took it at that time?
"*A.* Yes, sir.
"*Q.* Now, you had a buggy, did you?
"*A.* I got a buggy of him.
"*Q.* How much was that to be?
"*A.* $60.
"*Q.* What else did you have?
"*A.* A single harness.
"*Q.* Was that to be applied on this personal property?
"*A.* I suppose so.

"*Q.* How much was the single harness?

"*A.* $18.

"*Q.* Did you have anything else?

"*A.* A robe.

"*Q.* What was the robe?

"*A.* He charged me $9 for it.

"*Q.* Now, there was a mare, $140, a buggy, $60, a harness, $18, and a robe, $9?

"*A.* Yes, sir.

"*Q.* And that was applied, so far as it would go, upon the personal property?

"*A.* I suppose so.

"*Q.* Was there a talk there?

"*A.* Yes, sir; it was talked that way that day."

This was the only testimony in the case upon the subject of whether there was or was not any agreement that the personal property purchased of the defendant should apply upon the claim for personal property sold him. It would appear to be open to but one construction, and the jury should have been instructed that this constituted an agreement, and bound the parties.

For this error the judgment should be reversed, and a new trial ordered.

HOOKER, C. J., LONG and GRANT, JJ., concurred. McGRATH, J., did not sit.