TOWNSHIP OF COE *v.* SCHOOL DISTRICT NO. 3, COE
TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—TAXES—COSTS IN LITIGATION
TO RECOVER VOID SCHOOL TAXES NOT CHARGEABLE AGAINST DIS-
TRICT.

Where a township collected a void school tax and was
later compelled by litigation to return same to the tax-
payers, the costs of said litigation was not chargeable to
the school district, since the statute places the burden
of spreading and collecting school taxes upon the town-
ship.

2. SAME—AGREEMENT BY DISTRICT TO PAY COSTS VOID.

A school board is without power to bind the district to
reimburse a township for costs and expenses incurred by
it in defending suits by taxpayers to recover void school
taxes paid under protest.

Error to Isabella; Hart (Ray), J. Submitted Oc-
tober 18, 1922. (Docket No. 123.) Decided Decem-
ber 5, 1922.

Assumpsit by the township of Coe against school
district No. 3, of Coe township, for the amount of
certain judgments and costs. Judgment for defend-
ant as to costs. Plaintiff brings error. Affirmed.

*Virgil W. McClintic* and *F. H. Dusenbury*, for ap-
pellant.

*Dodds & Dodds*, for appellee.

CLARK, J. Taxpayers of the defendant school
district paid under protest school tax to the
treasurer of plaintiff township and later commenced

suits against the township to recover back the amounts paid. The tax was wholly void, not having been authorized by the voters of the district. The township satisfied the judgments of the taxpayers as to both damages and costs and then brought this suit against the school district. The controversy relates to the amount of costs so paid, $197.18. The declaration has two theories for recovery, *first,* that the amount was paid by the township for and in behalf of the school district and that the district in good conscience ought to return it, and *second,* that the township

"contested and defended said suits at the request and with full knowledge and consent of said school district No. 3, township of Coe, and its duly constituted school board."

A verdict for defendant was directed and judgment entered. Plaintiff brings error.

1. We think there can be no recovery on the first theory. An attempt was made to shift responsibility for the invalidity of the tax from the school board to the township clerk. The question of such responsibility is unimportant here. In this State the treasurer is not a mere tax collector. We have a township treasury. *People* v. *Bringard,* 39 Mich. 22 (33 Am. Rep. 344). The township treasurer after collecting the taxes must keep the funds, except State and county taxes, until lawful orders are presented upon which he may pay them out. Section 5706, 2 Comp. Laws 1915, and section 4498, 1 Comp. Laws 1915. The school taxes and other taxes assessed "become at once a debt to the township." Section 4496, 1 Comp. Laws 1915. If they are not otherwise collected suit may be brought by the township. *Township of Bangor* v. *Transportation Co.,* 112 Mich. 601; section 4043, 1 Comp. Laws 1915. One paying taxes under protest may sue the township for the amount paid. Section

4049, 1 Comp. Laws 1915. The township may be put to expense in the collection of taxes. It pays for spreading taxes. It may likewise be held to pay costs in suits to recover them when paid under protest. *Daniels* v. *Township of Watertown,* 55 Mich. 376. We know of no rule by which the township may charge against a school district such expenses or costs or any portion thereof. Such burden seems to have been placed upon the townships. In *Byles* v. *Township of Golden,* 52 Mich. 612, plaintiff sued the township to recover back the taxes paid. It was held:

"It was not claimed in this case that the township was liable for the amount of the State and county taxes received by the treasurer, but it is insisted that for all moneys which were to be retained in the township treasury it was liable. This would include school and highway taxes, which the treasurer pays out on orders from the proper school and highway authorities, and which, it appears in this case, he had paid out before the suit was instituted. There is an apparent hardship in holding the township liable for moneys thus paid over; but on the other hand when the plaintiff traces his moneys to the treasury of the township it would seem plain that a right had accrued in his favor which could not be discharged by subsequent action of the township authorities to which he was in no sense a party. The defendant has received his money and must account to him for it; not to any one else."

And respecting the right to recover taxes of a general levy see *Bank of Tustin* v. *Township of Burdell,* 184 Mich. 131.

In *Mineral School Dist. No. 10* v. *Pennington County,* 19 S. D. 602 (104 N. W. 270), it was held, quoting from syllabus:

"Laws 1897, p. 131, chap. 57, § 1, subd. 5, authorizes school districts to levy taxes and report the amount to the county auditor, who is required to include this tax as a part of the tax to be collected by the county treasurer. Laws 1897, p. 60, chap. 28, § 79, makes

the county treasurer the collector of all taxes, and requires him to place them, when collected, to the credit of the proper fund. Section 95 (page 65) provides that the county treasurer shall immediately after each settlement pay over to the treasurer of any municipal corporation or any organized township or any body politic all moneys received by him, arising from taxes levied and collected, belonging to such municipal corporation, etc. A county treasurer, in attempting to collect certain taxes assessed by a school district upon property within its boundaries, was enjoined from so doing by a Federal court, and expended money in defending injunction proceedings. The taxes were afterward collected. *Held,* that the county had no right to retain a portion of the sum so collected as the school district's share of defending the injunction suit."

And it was said:

"The duty of the county treasurer to pay over the amount collected to the school district being imposed by law, he could not legally retain any portion thereof from such district in the absence of any statutory authority authorizing him so to do."

And see 26 R. C. L. p. 454; *Matteson* v. *Town of Rosendale,* 37 Wis. 254; 2 Cooley on Taxation (3d Ed.), p. 1491; 11 L. R. A. (N. S.) 1104; *Jones* v. *Wright,* 34 Mich. 371. The rule might be otherwise if the statute provided for making a deduction or apportionment of such costs or expenses. See *Town of Spooner* v. *Washburn County,* 124 Wis. 24 (102 N. W. 325).

2. Plaintiff had testimony that, respecting the defending of the suits of the taxpayers to recover back the amounts they paid, a conference of the members of defendant's school board and of plaintiff's township board was had at which there was discussion and oral understanding that the township would defend and that: "the school board would stand the expenses," "the school board agreed to stand the costs." Plaintiff

seeks to hold the defendant district upon this agreement. We pass the question of whether the agreement was made by the district board acting as such. The school district was under no legal obligation to pay such costs as might be taxed against the township in such suits. The statute, as we have seen, placed upon the township the duty of spreading and collecting taxes and it may be sued to recover taxes paid. If the district board might bind the district to pay such costs, it might also employ counsel to defend the suits or to assist the treasurer in collecting the school taxes and it might furnish aid to the supervisor in spreading such taxes. We think the school board without such power. See *Jenney* v. *Township of Mussey,* 121 Mich. 229, and cases there cited; 35 Cyc. p. 899; 2 Comp. Laws 1915, chap. 107. It may be that the voters of the district could authorize the employment of counsel and the payment of costs and charges in suits to defend, or to collect its taxes (*Jenney* v. *Township of Mussey, supra;* Cooley on Constitutional Limitations [7th Ed.], p. 307), but that question is not before us.

The court was right in directing a verdict.

Judgment affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.