HANSHAW *v.* CITY OF PORT HURON.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE—PRE-
   SUMPTIONS.

   Knowledge of defect in sidewalk on a bridge is conclusively pre-
   sumed where it is one of original construction or, through
   failure to repair, has existed over 30 days (1 Comp. Laws
   1929, § 4228).

2. NEGLIGENCE—MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—
   STATUTES.

   Question of negligence of city in performing its statutory duty
   to maintain a sidewalk on a bridge in a reasonably safe and
   fit condition for travel is for jury where defect consists of a
   slot in the planking large enough to entrap the heels of shoes
   of 70 per cent. of the women in the locality, is one of original
   construction and, although located off the zone of usual travel,
   is where women had a right to walk (1 Comp. Laws 1929,
   § 4223).

3. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—EVIDENCE.

   Verdict for plaintiff *held*, not against the great weight of the
   evidence where showing was made that she received injury
   because of defect in sidewalk that might have entrapped the
   heels of shoes of 70 per cent. of the women in the locality,
   that a reasonably careful person would not be likely to notice
   the defect and jury viewed the scene.

Appeal from St. Clair; George (Fred W.), J.
Submitted October 6, 1933. (Docket No. 84, Calen-
dar No. 37,287.) Decided December 5, 1933.

Case by Anna Hanshaw against City of Port Hu-
ron, a municipal corporation, for personal injuries
alleged to be due to defective construction and main-
tenance of a bridge. Verdict and judgment for
plaintiff. Defendant appeals. Affirmed.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*Patrick H. Kane,* for defendant.

FEAD, J.   The Military street jackknife bridge in the city of Port Huron runs north and south and carries continuations of city sidewalks on the east and west sides.   On the land side at the south, at the break of the bridge, there was a slot or a hole in the east sidewalk near the curb.   The slot was 3½ inches long, north and south, from 1¼ to 1½ inches wide, and completely through the planking. It was a fault in construction of the bridge eight years before.   Plaintiff did not know of its existence.   Defendant quite conclusively demonstrated, by policemen who had been on the beat for years, that a reasonably careful person would not be likely to notice the slot.

Plaintiff approached the bridge from the south, walking on the west side of the street.   Instead of crossing the street at a traffic light a short distance from the bridge she proceeded to the bridge and crossed on it to the east.   As she came to the east sidewalk and turned north the heel of her shoe caught in the slot, she was thrown and sustained a broken ankle.   Her heel was 1¼ inches wide at the bottom, wider than the heels of 70 per cent. of shoes worn by Port Huron women.   Plaintiff had verdict of a jury and judgment of $1,000.

The slot having been one of original construction of the bridge and, in any event, having existed over 30 days, knowledge of it by defendant is conclusively presumed.   1 Comp. Laws 1929, § 4228.   The only other point meriting discussion is whether, because of the slot, the city had failed in its statutory duty to maintain the sidewalk in a reasonably safe

and fit condition for travel. 1 Comp. Laws 1929, § 4223.

The slot was small. For eight years women, probably hundreds of thousands, had used the sidewalk without injury. Being close to the west side of the walk it appears to have been beyond the zone of usual travel. On the other hand, it was located where women had a right to walk. *Jablonski* v. *City of Bay City,* 248 Mich. 306. It was large enough to entrap 70 per cent. of women's heels. It was so shaped that a person, caught in it while walking, almost certainly would be thrown and injured. There was nothing about it to warn a passer-by.

On the whole it may be said that the slot was not generally dangerous, but this was because it was outside the beaten path of travel. Nevertheless, it constituted a threat to a majority of women. The imminence of the danger depended upon where they should walk. The slot was of such size, shape, and character as to form a trap in which women's heels could be caught. *Cornell* v. *City of Ypsilanti,* 212 Mich. 540. In view of all the circumstances it cannot be said, as a matter of law, that the city did not violate its statutory duty by permitting the slot to exist but the question of its negligence was for the jury. In addition to the testimony, the jury viewed the scene. We cannot say its finding was against the great weight of the evidence.

Judgment affirmed.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.