### CHRISTIANSEN *v.* HILBER.

1. EVIDENCE—PRESUMPTIONS—BURDEN OF PROOF.

    Since presumptions of fact are liable to be contrary to the facts they are only introduced to supply the want of real facts and in many cases to determine which party shall take upon himself the burden of showing what are the facts but they never obtain against positive proof.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS.

    Presumption that a plaintiff is free from contributory negligence applies only where there is an absence of direct testimony to the contrary.

3. EVIDENCE—PRESUMPTIONS—REBUTTAL—SUPPORT—WEIGHT OF EVIDENCE.

    A rebuttable presumption has no weight as evidence but merely serves to establish a *prima facie* case so that, if challenged by rebutting evidence, supporting evidence must be introduced and it then becomes a question of weighing the actual evidence introduced.

4. AUTOMOBILES—OWNER'S CONSENT—EVIDENCE—LOGGING TRUCK—USE BY SON FOR PLEASURE PURPOSES.

    In action for personal injuries received while defendant son was using defendant father's logging truck for pleasure, evidence *held*, to show that truck was bought, kept and used for business purposes and permission never given to use it for pleasure and that its use on occasion in question was without father's consent or permission (1 Comp. Laws 1929, § 4648).

5. TRIAL — EVIDENCE — PRESUMPTIONS — UNIMPEACHED, UNCONTRADICTED TESTIMONY.

    Testimony of unimpeached witnesses, who testify distinctly and positively to a fact and who are uncontradicted, should be credited and has the effect of overcoming a mere presumption.

6. Same—Evidence—Question for Court.

  A court cannot properly submit to a jury facts on which the testimony is all one way.

7. Same—Evidence—Instructions.

  Where the testimony is open to but one construction, the jury should be instructed accordingly.

8. Automobiles—Presumption of Owner's Consent to Drive.

  Presumption that one driving an automobile incident to the owner's business does so with the owner's consent prevails in favor of litigant only so long as that phase of the case is not covered by testimony to the contrary (1 Comp. Laws 1929, § 4648).

9. Same—Owner's Consent—Evidence—Directed Verdict.

  In action for personal injuries received when owner's logging truck was driven by his son on a pleasure trip, uncontradicted testimony that truck was bought, kept and used for business purposes and that owner never gave anyone permission to use it for pleasure *held*, to require that verdict be directed for such owner (1 Comp. Laws 1929, § 4648).

Appeal from Gogebic; Driscoll (George O.), J. Submitted October 6, 1937. (Docket No. 43, Calendar No. 39,591.) Decided December 14, 1937. Rehearing denied February 25, 1938.

Case by Theodore Christiansen against Carl H. Hilber and Eugene Hilber for personal injuries sustained in a collision between automobiles. From verdict and judgment for plaintiff, defendant Carl H. Hilber appeals. Reversed as to appellant.

*Thomas J. Landers,* for plaintiff.

*Ray Derham* (*Charles F. Smith,* of counsel), for defendant.

Potter, J. Plaintiff, May 26, 1936, sued defendant for injuries alleged to have been suffered by reason of being struck on the highway by a Chevrolet

logging truck belonging to defendant and driven by his son, Eugene Hilber. There was judgment for plaintiff in the sum of $7,000. Motion for new trial was made and an opinion filed affirming the judgment on condition plaintiff file a remittitur of $1,000. This was done and judgment entered for plaintiff for $6,000, and costs. Defendant appeals, alleging 19 reasons and grounds for appeal, and in appellant's brief 11 questions are said to be involved.

The statute, 1 Comp. Laws 1929, § 4648, provides:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of common law require. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family."

The statute under consideration provides if a motor vehicle is being driven by a son or other immediate member of the family of the owner, it shall be presumed the motor vehicle is being driven with the consent or knowledge of the owner.

"All presumptions, however, are liable to be contrary to the fact, but they attend us at every point in our examinations of the facts, and it is impossible to dispense with them. They do not in general preclude the facts being brought forward to overthrow the presumptions, but they supply imperfections where the facts are not fully developed, and they determine

in many cases which party shall take upon himself the burden of showing what are the facts bearing upon the point in controversy." *Hutchins* v. *Kimmell*, 31 Mich. 126, 132 (18 Am. Rep. 164).

"These presumptions of fact never obtain against positive proof, and are only introduced to supply the want of real facts." *Hill* v. *Chambers*, 30 Mich. 422, 428.

"Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear." *Lincoln* v. *French*, 105 U. S. 614; *Rousseau* v. *Brotherhood of American Yeomen*, 186 Mich. 101, 105.

"A presumption operates to relieve the party in whose favor it operates from going forward in argument or evidence, and serves the purposes of a *prima facie* case until the other party has gone forward with his evidence; but, in itself, it is not evidence, and involves no rule as to the weight of evidence necessary to meet it." 1 Elliott on Evidence, § 93; *Rousseau* v. *Brotherhood of American Yeomen, supra*, 105.

"It is the rule in this State that the presumption that a plaintiff is free from contributory negligence can be said to apply only in cases where there is an absence of any direct testimony to the contrary." *Baker* v. *Delano*, 191 Mich. 204, 209.

"It is now quite generally held by the courts that a rebuttable or *prima facie* presumption has no weight as evidence. It serves to establish a *prima facie* case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force

to the presumption itself.'' *Gillett* v. *Michigan United Traction Co.*, 205 Mich. 410, 414.

In *Union Trust Co.* v. *American Commercial Car Co.*, 219 Mich. 557, counsel for plaintiff claimed the court was in error in not submitting the case to the jury and in directing a verdict for the defendant, claiming plaintiff could have prevailed upon the presumption the truck was being driven with the consent or knowledge of defendant. The court said:

''Presumptions lose all force and application when specific facts are shown.''

It cited 1 Elliott on Evidence, § 91, and quoted from *Gillett* v. *Michigan United Traction Co., supra*, and concluded:

''It would have been an idle ceremony, under the evidence, to have submitted the case to the jury, for the direct, positive and uncontradicted evidence presented an issue of law for the court and not an issue of fact for the jury.''

In *Hanna* v. *McClave*, 271 Mich. 133, a presumption of negligence arising from defendant driving on the wrong side of the road was considered. This court said:

''The presumption could not be considered by the jury because the facts, claimed by defendant, appeared and the presumption cannot be weighed against the facts.''

''Presumptions disappear when the facts appear. The facts appear when the evidence is introduced from which the facts may be found. Presumptions cannot be weighed against evidence for they fade out in the light of evidence, no matter how contradictory the evidence.'' *Patt* v. *Dilley*, 273 Mich. 601, ap-

proved in *Maki* v. *Wm. Bonifas Lumber Co.,* 278 Mich. 610.

Defendant testified his son Eugene drove the truck when there was hauling to be done, when it was necessary, when there was something to do; that the truck was bought for business purposes and he never permitted anyone to use it for pleasure purposes, and gave no one permission to use it on the occasion in question. Eugene Hilber, the son, testified the truck was used at the camp for hauling supplies and he used it on the occasion in question, without permission, for pleasure purposes. While he was never instructed not to use it, he was told only to take it when "we needed it." There was no other testimony bearing upon appellant's consent. Fairly considered, this testimony shows the truck in question was bought, kept and used for business purposes and appellant never gave anyone permission to use it for pleasure purposes, and that its use on the occasion in question was without appellant's consent or permission.

"A plaintiff has always the burden of showing his cause of action. Every defendant is entitled to go clear unless made answerable by legal testimony. There are no presumptions against him. If there is no testimony to be found, it is not admissible to make out a case without it." *Lendberg* v. *Brotherton Iron Mining Co.,* 75 Mich. 84, 89.

It is the general rule that "where unimpeached witnesses testify distinctly and positively to a fact, and are uncontradicted, their testimony should be credited, and have the effect of overcoming a mere presumption." *Elwood* v. *Western Union Telegraph*

*Co.,* 45 N. Y. 549 (6 Am. Rep. 140); *Barr* v. *Guelph Patent Cask Co.,* 129 Mich. 278.

"When all the evidence upon the point, on both sides, tends clearly to prove, and, if true, does prove a fact, and there is none to cast a doubt upon it, such fact may, and generally should be, *assumed as proved;* and the jury should be told that there is no evidence from which they can find against the fact as proved." *Druse* v. *Wheeler,* 26 Mich. 189, 196.

"A court cannot properly submit to a jury facts on which the testimony is all one way. *Wisner* v. *Davenport,* 5 Mich. 501; *Pennsylvania Mining Co.* v. *S. P. Brady & Co.,* 16 Mich. 332; *Township of Medina* v. *Perkins,* 48 Mich. 67; *Seligman* v. *Estate of Ten Eyck,* 49 Mich. 104; *Chadwick* v. *Butler,* 28 Mich. 349, and notes." *Hunt* v. *Supreme Council of the Order of Chosen Friends,* 64 Mich. 671 (8 Am. St. Rep. 855).

Where the testimony is open to but one construction, the jury should be instructed accordingly. *Gillett* v. *Knowles,* 97 Mich. 77.

In *Jakoboski* v. *Railroad Co.,* 106 Mich. 440, it was said:

"The testimony of defendant's witnesses was entirely unimpeached, and we think the jury should not have been permitted to disregard and set aside the only testimony upon the point."

The court cited with approval *Apsey* v. *Railroad Co.,* 83 Mich. 432; *Byles* v. *Township of Golden,* 52 Mich. 612; *Lange* v. *Perley,* 47 Mich. 352; *Corbett* v. *Spencer,* 63 Mich. 731; *Fourth Nat'l Bank of Grand Rapids* v. *Olney,* 63 Mich. 58; *Gillett* v. *Knowles, supra,* as well as *Druse* v. *Wheeler, supra,* and *Hunt* v. *Supreme Council of the Order of Chosen Friends, supra.*

One who is driving a motor vehicle incident to the owner's business is presumed to be duly authorized so to drive the vehicle. But it is the established law in this State that such a presumption prevails in favor of the litigant relying thereon only so long as that phase of the case is not covered by testimony to the contrary. *Gillett* v. *Michigan United Traction Co., supra; Union Trust Co.* v. *American Commercial Car Co., supra; Depue* v. *Schwarz,* 222 Mich. 308; *Noonan* v. *Volek,* 246 Mich. 377.

If the testimony opposed to the presumption is clear, positive and uncontradicted, it becomes the duty of the trial judge to direct a verdict if the issue is a controlling one in the case. *Wehling* v. *Linder,* 248 Mich. 241.

The testimony of defendant was clearly opposed to the presumption and such testimony is wholly uncontradicted. We think the trial court in error in not directing a verdict for defendant. As this disposes of the case, the other questions raised are not considered.

Judgment reversed, with costs. Case remanded with directions to enter judgment for defendant.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.