PEARO v. CITY OF MACKINAC ISLAND.

1. Evidence—Presumptions.

An ordinary presumption is subject to being overcome by testimony to the contrary.

2. Same—Conclusive Presumption.

A conclusive presumption provided by statute could not be contradicted by testimony but remains as an established phase of the case.

3. Municipal Corporations — Defective Sidewalk — Conclusive Presumption of Notice of Defect—Instructions.

In action against city for injuries sustained from defective sidewalk where it appears from plaintiff's testimony that defect had existed for over a period of two years she was entitled to have jury charged that plaintiff was entitled to conclusive presumption of notice of defect to party obligated to keep the sidewalk reasonably safe and fit for public travel where request so to charge was made and there was testimony tending to overcome such presumption (1 Comp. Laws 1929, § 4228).

4. Same—Defects in Sidewalks—Presumptions—Notice—Instructions.

Where there is no dispute as to whether or not a defect has existed in a public sidewalk for a period of 30 days or longer prior to injury to a plaintiff, a court should charge jury as a matter of law that there is a conclusive presumption of notice of defect to party obligated to keep it reasonably safe for public travel and of a reasonable time in which to repair it but if there is conflict of testimony on such phase then the charge should be in the alternative as to the presumption being conclusive, depending upon whether jury found defect

Municipality's delegation of duty to maintain as affecting liability for injury sustained by user of defective sidewalk, see 2 Restatement, Torts, § 418.

did exist for 30 days or more prior to accident (1 Comp. Laws 1929, § 4228).

5. Trial—Conflict of Evidence—Admitted Facts—Instructions.

Where there is a conflict of evidence, and the jury, by weighing it, are to find facts, it is the duty of the court, in instructing the jury, to charge hypothetically; that is, to propound the law, and direct its application to the facts as they may be found; but where the fact is admitted, or undisputed, and there is no conflict of evidence, the question is one of law, upon which direct instruction ought to be given.

6. Municipal Corporations—Defect in Sidewalks—Delegation of Duty to Repair—Evidence—Instructions.

While as a matter of law a city may *not exempt itself from* statutory responsibility of maintaining public sidewalks in repair by delegating duty to the city marshal, it would not be reversible error to receive testimony that the duty had been so delegated provided jury was charged that the city could not escape liability thereby (1 Comp. Laws 1929, § 4228).

7. Same—Defect in Sidewalk—Evidence—Exhibits.

In action for injuries received because of hole in city sidewalk and portion of sidewalk where accident had occurred had been replaced prior to trial, it was not error to admit in evidence a piece of walk taken from place 30 or 40 feet distant for purpose of showing construction of the walk some year and a half after the accident (1 Comp. Laws 1929, § 4228).

Appeal from Mackinac; Sprague (Victor D.), J. Submitted October 12, 1943. (Docket No. 15, Calendar No. 41,923.) Decided November 29, 1943.

Case by Lillian Pearo against City of Mackinac Island for personal injuries sustained in a fall caused by a defective sidewalk. Verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Harry J. Lippman* (*Leslie D. Bloom,* of counsel), for plaintiff.

*Brown & Fenlon,* for defendant.

North, J. Plaintiff's suit is for damages alleged to have been sustained incident to a fall caused by a defective condition of defendant's sidewalk. There was trial by jury and verdict for defendant. From the judgment entered thereon plaintiff has appealed.

Because of the manner in which we dispose of this appeal, it is not necessary to give a detailed recital of all the facts. The testimony in behalf of plaintiff was to the effect that a hole in defendant's sidewalk was permitted to exist over a period of two years; and on the night of her injury as plaintiff was passing along this sidewalk and in the exercise of due care she stepped into the hole, fell and sustained rather severe injuries. Because of the length of time the defect had existed in the walk, plaintiff sought to take advantage of the statutory provision which under given circumstances affords the injured party the benefit of a conclusive presumption of notice of the defect to the party obligated to keep the walk "in condition reasonably safe and fit for travel." In effect the statute reads as follows:

"If the defect is caused by said * * * sidewalk * * * becoming out of repair, it shall be conclusively presumed that the township, village or city had notice thereof and a reasonable time in which to repair the same, provided said defect has existed for a period of thirty days or longer." 1 Comp. Laws 1929, § 4228 (Stat. Ann. § 9.596).

Plaintiff's attorney timely requested the trial court to charge the jury in the words of the quoted statute; and by so doing sought to obtain for his client the benefit of its being "conclusively presumed" that the defendant city had notice of the defect in the walk and a reasonable time within which

to repair the same.  The trial judge refused the plaintiff's request to charge; and he did not cover this phase of the law in the charge to the jury as given.  Instead he charged the jury as follows:

"The burden of proof is upon plaintiff to prove her case by a preponderance of the evidence.  * * * The court instructs the jury that in order to establish her case for damages for her alleged injuries the plaintiff must affirmatively prove by a preponderance of the evidence;  * * * Second:— That prior to the time of the alleged accident the defendant had actual or implied notice or knowledge that said sidewalk was so out of repair and not reasonably safe and fit for travel, and that after having such knowledge or notice the city had refused or neglected, within a reasonable time thereafter, to repair the walk.  * * *

"By implied notice is meant that the defect has existed for such a length of time that the city is presumed to have acquired knowledge of its existence.  It has been held by our Supreme Court that where the testimony showed a defect in a city public sidewalk has existed for a period of 30 days or longer, the presumption arises that the city had notice thereof and a reasonable time in which to repair the same."

From the foregoing it is apparent that the charge of the trial court, in the particular under consideration, only gave plaintiff the benefit of an ordinary presumption, not of a *conclusive* presumption.  As an ordinary presumption it was subject to being overcome by testimony to the contrary, and there is such testimony in the record.  But as a conclusive presumption provided by the statute, it could not be contradicted by testimony.  Instead it remained as an established phase of the case for the benefit of and in favor of plaintiff.  *Hanshaw* v. *City of Port*

*Huron,* 265 Mich. 84. As being somewhat in this field of the law, see, also, *Handy* v. *Township of Meridian,* 114 Mich. 454.

If, in a case of this character, there is no dispute in the proofs as to the defect having existed for a period of 30 days or longer prior to the accident, the court should charge the jury as a matter of law that there is a *conclusive* presumption of notice of the defect and of a reasonable time in which to repair the same. But if there is a conflict of testimony on this phase of the case, then the trial court should charge in the alternative as to the presumption being conclusive, depending upon whether or not the jury finds that the defect did exist ''for a period of thirty days or longer prior to the accident.''

''Where there is a conflict of evidence, and the jury, by weighing it, are to find facts, it is the duty of the court, in instructing the jury, to charge hypothetically; that is, to propound the law, and direct its application to the facts as they may be found; but where the fact is admitted, or undisputed, and there is no conflict of evidence, the question is one of law, upon which direct instruction ought to be given.'' *Wisner* v. *Davenport,* 5 Mich. 501.

The failure or refusal of the trial judge to give the requested charge as to the *conclusive* presumption or to cover it in substance in his general charge was prejudicial and necessitates reversal.

Appellant asserts error in that over the objection of her counsel defendant was permitted to introduce testimony from which the jury might have inferred that defendant had delegated its duty of keeping the walk in repair to the city marshal; and thereby the defendant municipality relieved itself of the responsibility. Of course, as a matter of law the municipality may not in this manner exempt itself from the statutory responsibility of keeping its walks in re-

pair.  However, we do not think that under the circumstances of this case it would have been reversible error to have received this testimony providing the court charged the jury that the defendant could not escape its liability by resorting to delegation of the responsibility.

Appellant further complains that prejudicial error was committed by receiving in evidence over appellant's objection a piece of this cement walk removed therefrom just prior to the trial and 30 or 40 feet distant from the point of accident.  The portion of the walk where the accident occurred had been replaced.  The obvious purpose of this exhibit was to disclose to the jury the character of the construction of the walk on which plaintiff was injured.  As bearing upon whether the walk was out of repair, defendant had offered some testimony that the lack of repair consisted only of "some scale off the top of the cement, about half an inch thick,"—evidently meaning that only the thin finishing layer of cement had become removed from the walk at the point of accident.  There was a conflict in testimony in this particular; and we think under the circumstances the court's ruling that the exhibit was admissible in evidence did not constitute error, notwithstanding the parcel was taken from the walk approximately one and one-half years after the accident and some 30 or 40 feet distant from the point of accident.

Other matters presented by appellant on this appeal are of such a character that they are not likely to occur again upon the retrial of the case, and therefore need not be considered.  The judgment entered in the circuit court is reversed and the case remanded for a new trial.  Appellant will have costs of this Court.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.