## HENTKOWSKI *v.* WILCOME

1. APPEAL AND ERROR—EVIDENCE—COMPETENCY—SUFFICIENCY.

Competency of evidence to support a finding of implied consent to the use of a motor vehicle by the owner cannot be attacked by appellate briefs directed at the sufficiency of the evidence.

2. JUDGMENT—OPINION—BREVITY—COURT RULES.

The court rule requiring findings of fact and conclusions of law by the court in nonjury cases does not require over-elaboration of detail or particularization of facts, and a brief opinion is sufficient (GCR 1963, 517.1).

Appeal from Presque Isle, Philip J. Glennie, J. Submitted Division 3 March 4, 1970, at Grand Rapids. (Docket No. 7,149.) Decided March 26, 1970. Leave to appeal granted June 11, 1970, and remanded with instructions. 383 Mich 790.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 1, 249, 252, 257–263.
[2] 53 Am Jur, Trial §§ 1133, 1134, 1137.

Complaint by Angeline Chojnacki, for herself and as guardian of Leo. Hentkowski, against William Wilcome, Fred Moser and Frieda Moser, and Cletus R. Watson, Jr., for damages resulting from an automobile-truck accident. Judgment for plaintiff. Defendant Wilcome appeals. Affirmed.

*Robert L. Jason,* for plaintiffs.

*Randall M. O'Rourke,* for defendant William Wilcome.

*Clare L. Gillette,* for defendants Fred Moser and others.

Before: R. B. BURNS, P. J., and FITZGERALD and LEVIN, JJ.

R. B. BURNS, P. J. Plaintiff Leo Hentkowski was driving his 1955 Plymouth in a northerly direction on county road 441 and defendant Watson was driving a two-ton van owned by defendant Wilcome in a westerly direction on county road 638. Watson failed to stop for the stop sign at the intersection and struck Hentkowski's vehicle broadside. The negligence of Watson is not in dispute.

Watson was an employee of defendants Mosers. Defendant Wilcome had formerly owned and operated a milk route wherein he would pick up milk from the farmers and haul the milk to the Mosers' cheese factory. About 2-1/2 months before the accident, Wilcome sold the route to one Edward Jurek, who continued the same relationship with the Mosers.

It had been the custom of Fred Moser and Wilcome to allow each to use the other's truck if his own truck was having mechanical difficulty; each had

made use of the other's truck on several occasions, although Wilcome had never loaned his truck unless he or his driver operated it.

After buying the route, Jurek ordered a new truck for use on the route, and while awaiting delivery was allowed by Wilcome to use the latter's truck. Jurek was instructed not to let anyone else use the truck, but these instructions were never communicated to Moser, nor was Moser ever informed that he was not to use Wilcome's truck.

One of Moser's trucks developed mechanical trouble and he asked Jurek to contact Wilcome to see if Moser could use Wilcome's truck, but Jurek failed to make the request. On the day preceding the accident, Moser again inquired of Jurek regarding the use of the truck. The testimony is conflicting as to whether or not permission was given by Jurek, but Wilcome was not contacted personally although Moser did attempt to telephone Wilcome to ask whether or not he could use the truck.

On these facts the trial court inferred that Moser had had implied consent to make use of Wilcome's truck. This was buttressed by a finding that Wilcome had made no complaints to the police or to Moser concerning unauthorized use of his truck, and had had the truck repaired by his own insurance carrier.

The first issue presented for review is:

Was there competent evidence to support a finding of implied consent to use of his vehicle by Wilcome?

Appellant argues that the trial court relied on the presumption that the driver of the vehicle at the time of the accident was driving with the owner's consent,[1] to find that appellant had impliedly con-

---

[1] *Hatter* v. *Dodge Brothers* (1918), 202 Mich 97.

sented to Moser's use of the truck. Appellant then argues that the presumption is eliminated by direct evidence.[2]

The court did not rely on such a presumption.

The court heard testimony from Moser and Wilcome concerning their relationship and understandings during the time that Wilcome owned and operated the milk route. Testimony was heard from Wilcome and Jurek regarding the sale of the route and Jurek's use of the truck, and from Moser and Wilcome to the effect that Moser was never told not to use the truck. Appellant does not show us why the evidence is not competent; the briefs rather are directed at the sufficiency thereof. While not uncontradicted, there was certainly enough evidence to support a finding of implied consent by the trial judge. We cannot say that the finding is clearly erroneous. GCR 1963, 517.1.

The second alleged error below is that the trial court's opinion failed to comply with the specificity requirements of GCR 1963, 517.1. Granted, the court's opinion is brief, but the court rule does not require over-elaboration of detail or particularization of facts. The opinion below adequately complies with the requirements of the court rule and of this Court as stated in *Nicpon* v. *Nicpon* (1968), 9 Mich App 373.

Affirmed. Costs to appellees.

All concurred.

---

[2] *Christiansen* v. *Hilber* (1937), 282 Mich 403.