UNION TRUST CO. *v.* AMERICAN COMMERCIAL CAR CO.

1. NEGLIGENCE—MOTOR-VEHICLE LAW—LIABILITY OF OWNER—PRESUMPTIONS.

> The owner of a truck loaned to a customer to be used in his business until 6 o'clock in the evening is not responsible, under 1 Comp. Laws 1915, § 4825, for damages caused by it in a collision while being driven after said time by a servant of the borrower, without his consent, on the ground that the owner impliedly consented to its longer use by failing to take steps to learn why it was, not returned.

·2. SAME—EVIDENCE—PRESUMPTION OVERCOME BY UNCONTRADICTED EVIDENCE—DIRECTED VERDICT.

> Even if a presumption of consent on defendant's part existed, such presumption was overcome by the positive and uncontradicted testimony that at the time of the accident the driver was using the truck on his own account without the consent of any one, and therefore a directed verdict in favor of defendant was required under the facts.

Error to Wayne; Hunt (Ormond F.), J. Submitted June 14, 1922. (Docket No. 48.) Decided July 20, 1922.

Case by the Union Trust Company, administrator of the estate of Mandus J. Veriden, deceased, against the American Commercial Car Company for the alleged negligent killing of plaintiff's decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Vandeveer & Foster* and *Henry Burkhardt,* for appellant.

*Monaghan, Crowley, Reilley & Kellogg,* for appellee.

On liability of owner for negligence of borrower or hirer of automobile, see note in 33 L. R. A. (N. S.) 81.

WIEST, J.   The learned circuit judge directed a verdict for the defendant upon the following undisputed facts:    J. R. Arcello, a wholesale fruit dealer in Detroit, bought a new truck of defendant company and, it needing some adjustment, Arcello and his employee, Joe Farranti, drove it to defendant's place of business and left it, and Arcello was loaned one of defendant's trucks until 6 o'clock in the afternoon of that day. Farranti, accompanied by Arcello, drove the borrowed truck away, and it was used by Arcello in his business that afternoon, and about 6 o'clock, instead of being returned to defendant by Farranti, as Arcello had directed, it was placed in the alley back of Arcello's store where he kept his own truck nights. The truck was used by Arcello the next morning and about noon returned to defendant.   The evening of the day the truck was lent to Arcello, Farranti took it without saying anything to Arcello, to go on an errand for his father and his mother went along for a ride, and about 9 o'clock in the evening there was a collision between the truck and an automobile driven by Mandus J. Veriden, and Mr. Veriden was so seriously injured that he died a few days later.   This suit was brought by the administrator of Mr. Veriden's estate to recover damages against defendant, on the claim that the truck was owned by defendant and the negligence of the driver thereof occasioned the accident.

Plaintiff brings the case here by writ of error, claiming the circuit judge was in error in holding defendant not liable to respond in damages.   If plaintiff has a right of action against defendant it rests upon the following statute:

"The owner of a motor vehicle shall be liable for an injury occasioned by the negligent operation of such motor vehicle, whether such negligence consists in violation of the provisions of the statutes of this State

or in the failure to observe such ordinary care in such operation as the rules of the common law require: *Provided,* That the owner shall not be liable unless such motor vehicle is being driven by the express or implied consent or knowledge of such owner." 1 Comp. Laws 1915, § 4825.

We are concerned here with the proviso only.

Counsel for plaintiff urge that, the time limit for the return of the truck having expired at 6 o'clock, and defendant having taken no steps to learn why it was not returned, is to be held to have impliedly consented to its longer use. We cannot so hold. If we made such a holding it would not help plaintiff, for the truck at the time of the accident was not being driven in the business of Arcello, or with his consent, but by Farranti on his private account and without leave from any one, and defendant certainly did not consent to or have knowledge of such use.

Counsel for plaintiff also claim the court was in error in not leaving the case to the jury, insisting that the jury might not have accepted the testimony, and plaintiff could have prevailed in such event upon the presumption that the truck was being driven with the consent or knowledge of defendant. Presumptions lose all force and application when specific facts are shown. 1 Elliott on Evidence, § 91.

We held in *Gillett* v. *Traction Co.*, 205 Mich. 410:

"It is now quite generally held by the courts that a rebuttable or *prima facie* presumption has no weight as evidence. It serves to establish a *prima facie* case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself; * * * but when circumstantial evidence of doubtful value is the only rebutting evidence offered, the question should be submitted to the jury, and if they decide that the circumstantial

evidence should be disregarded, the presumption is still sufficient to establish plaintiff's case as to the exercise of proper care by the deceased."

It would have been an idle ceremony, under the evidence, to have submitted the case to the jury, for the direct, positive and uncontradicted evidence presented an issue of law for the court and not an issue of fact for the jury. The court was right in directing a verdict for defendant.

The judgment is affirmed, with costs to defendant.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.