DEPUE v. SCHWARZ.

1. NEGLIGENCE—HIGHWAYS—PRIMA FACIE NEGLIGENCE—STATUTES —MAY BE REBUTTED.

The presumption of negligence on the part of one who runs into the rear end of a vehicle proceeding in the same direction on a public highway created by Act No. 236, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4865 [5]), cannot stand where direct, positive, and credible evidence rebuts it.

2. TRIAL—DIRECTED VERDICT—TESTIMONY CONSTRUED MOST FAVOR-
ABLY FOR PLAINTIFF.

> In ruling upon a motion by the defendant to direct a
> verdict in his favor, the testimony and legitimate in-
> ferences to be drawn from it most favorable to plaintiff
> must be accepted.

3. NEGLIGENCE — HIGHWAYS—REASONABLE PRECAUTION —QUESTION
FOR JURY.

> In an action for damages caused to plaintiff when the
> rear end of his wagon was struck by defendant's auto-
> mobile proceeding in the same direction on a public high-
> way, whether defendant used "every reasonable precaution
> to insure the safety" of plaintiff, as required by 1 Comp.
> Laws 1915, § 4818, *held*, under the evidence, a question
> of fact for the jury.

Error to Muskegon; Vanderwerp (John), J. Sub-
mitted January 17, 1923. (Docket No. 109.) De-
cided March 22, 1923.

Case by Michael M. Depue against John Schwarz
for personal injuries. Judgment for plaintiff. De-
fendant brings error. Affirmed.

*John M. Dunham*, for appellant.

*J. F. Schmidt* and *I. J. Dodge*, for appellee.

FELLOWS, J. The accident out of which this law-
suit arose occurred in Fruitland township, Muskegon
county, on a highway known as the Michigan Pike.
The pike is of concrete construction 9 feet wide, and
there is about 15 feet of level road on each side of the
concrete. Plaintiff, with a team and farm wagon,
accompanied by his wife, was on his way home, driv-
ing north on the right hand side of the road off the
cement part of it. Defendant coming from the south
overtook and struck the rear end of plaintiff's wagon,
breaking the reach and shoving the wagon onto the
horses. Plaintiff and his wife were thrown out, the
horses becoming detached ran some distance. There

was evidence of damage to the horses; plaintiff suffered some inconvenience but no serious injury and was awarded a judgment for $250. Defendant testified that he was coming up behind plaintiff at a moderate rate of speed, started to go past him, when he discovered a machine coming from the opposite direction and turned to the right behind plaintiff's wagon, applied the brake and had practically stopped when he was run into from behind, driving his car onto the wagon of plaintiff.

Defendant's counsel conceded in the court below and concedes here that under section 1, Act No. 236, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4865 [5]), plaintiff made a *prima facie* case of negligence on the part of defendant by establishing that the rear end of plaintiff's wagon was struck by defendant's machine proceeding in the same direction, but he insists that such *prima facie* case can not stand where direct, positive and credible evidence rebuts it; that the presumption created by the statute can not be weighed against the evidence; and that defendant's testimony brought the case within this rule. Counsel's contention as to the rule of law is sound. See *Gillett* v. *Traction Co.*, 205 Mich. 410; *In re Cochrane's Estate*, 211 Mich. 370; *Union Trust Co.* v. *American Commercial Car Co.*, 219 Mich. 557. The trial judge did not disagree with the contention of defendant's counsel as to the rule of law, but was of the opinion that the facts were sufficient to take the question of defendant's negligence to the jury. In so holding he applied the well-recognized rule that, upon a motion by the defendant to direct a verdict in his favor, the testimony and legitimate inferences to be drawn from it most favorable to plaintiff must be accepted. We are not persuaded that the trial judge was in error. The statute (1 Comp. Laws 1915, § 4818) provided:

"Upon approaching a person walking in the road-

way of a public highway, or a horse or horses, or other draft animals being ridden, led or driven thereon, a person operating a motor vehicle shall slow down to a speed not exceeding ten miles an hour and give reasonable warning of its approach and use every reasonable precaution to insure the safety of such person or animal, and in case of a horse or horses or other draft animals, to prevent frightening the same."

Whether defendant used "every reasonable precaution to insure the safety" of plaintiff was, we think, a question for the jury. Defendant does not claim to have taken any observations to see if anyone was coming from the north before he turned out to pass plaintiff and it does not appear that had he looked ahead he would not have seen the car coming from that direction; he claims to have looked to the south and to have seen the car coming from that direction, but his testimony fairly interpreted indicates that this was after he turned out to pass plaintiff. If the car was coming from behind at the speed the parties seem to agree it was, it would have been most hazardous to get in its way; whether defendant sounded his horn is in dispute and there is no evidence that he signaled those following him that he was about to turn out to pass plaintiff who, it should be remembered, was not on the cement roadway where automobiles usually travel. Under all these circumstances, the court properly submitted to the jury the question of defendant's negligence. See *Wilkowski* v. *Grant Iron & Metal Co.*, 219 Mich. 535; *Budnick* v. *Peterson*, 215 Mich. 678; *Benjamin* v. *McGraw*, 208 Mich. 75. The charge of the court fairly presented the case to the jury and protected defendant's rights.

The judgment will be affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.