WEHLING *v.* LINDER.

1. MOTOR VEHICLES—PRESUMPTION OF AUTHORITY TO DRIVE CAR INCIDENT TO OWNER'S BUSINESS.

Presumption that one driving motor vehicle incident to owner's business is duly authorized to do so prevails only so long as there is no testimony to contrary.

2. SAME—PRESUMPTION OVERCOME BY UNCONTRADICTED TESTIMONY—DIRECTED VERDICT.

In action for personal injuries inflicted by defendants' truck, where testimony opposed to presumption that driver of truck was duly authorized to drive it was clear, positive, and uncontradicted, it was duty of trial judge to direct verdict in favor of defendants; said issue being controlling one in case, since owners are not liable under 1 Comp. Laws 1915, § 4825, as amended by Act No. 287, Pub. Acts 1925, unless truck was being driven with their express or implied consent.

3. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Where plaintiff and her husband driving automobile on city street saw another car approaching intersection at excessive speed about 100 feet from intersection, but they continued across street at speed in violation of city ordinance, and collision resulted in which plaintiff was injured, she is precluded from recovering on ground of contributory negligence, notwithstanding they were on through street and had right of way, and driver of other car was violating city ordinance.

---

On validity of statute making owner liable for injury by automobile being used by another, see annotation in 45 L. R. A. (N. S.) 699; L. R. A. 1918A, 918.

Error to Genesee; Black (Edward D.), J. Submitted June 6, 1929. (Docket No. 67, Calendar No. 34,038.) Decided October 7, 1929.

Case by Edna Wehling against Joseph Linder and Isaac Schneider, copartners operating under the name of Flint Sanitary Wiping Rag Company, and another for personal injuries. From a judgment for defendants *non obstante veredicto,* plaintiff brings error. Affirmed.

*Vincent D. Ryan,* for plaintiff.

*Brown, Kelley & Warner,* for defendants.

North, C. J.   The plaintiff, Edna Wehling, was injured while riding in a motor vehicle operated by her husband and going in an easterly direction on Court street in the city of Flint. As they approached the intersection at Liberty street they saw a Ford truck about 100 feet distant in a southerly direction and which was approaching the intersection rapidly, approximately 30 miles per hour. Court street is a through street. Plaintiff and her husband, assuming that the driver of the truck would slacken his speed and give the right of way to traffic on Court street, proceeded across Liberty street driving at substantially 20 miles per hour. Near the center line of Liberty street, the Ford truck, which belonged to the defendants Linder and Schneider, and which was driven by the defendant Quisenberry, ran into the right side of the vehicle in which plaintiff was riding, and her injuries resulted. Plaintiff's claim of right to recover is upon the ground that the Ford truck was operated in a careless manner in violation of the city ordinance, which gave Court street traffic the right of way at this intersection,

and that it was being driven in excess of 12 miles per hour, which was also in violation of the city ordinance.

The principal question presented in this record is raised by the contention of the defendants Linder and Schneider that Quisenberry was not in their employ at the time of the accident, and that he was driving the truck without their consent and against the express orders of their foreman. The jury rendered a verdict in favor of the plaintiff; but on defendants' motion the trial court entered a judgment in their favor *non obstante veredicto*. Plaintiff reviews by writ of error.

Defendants' motion for judgment *non obstante* was granted on the ground that in this record the proof in support of defendants' contention stated in the next preceding paragraph was positive and uncontradicted. We have given careful attention to the record, and find that it fully sustains the action of the circuit judge. One who is driving a motor vehicle incident to the owner's business is presumed to be duly authorized to so drive the vehicle; but it is the established law in this State that such a presumption prevails in favor of the litigant relying thereon only so long as that phase of the case is not covered by testimony to the contrary. *Gillett* v. *Michigan United Traction Co.*, 205 Mich. 410; *Union Trust Co.* v. *Car Co.*, 219 Mich. 557; *Depue* v. *Schwarz*, 222 Mich. 308; and *Noonan* v. *Volek*, 246 Mich. 377. If the testimony opposed to the presumption is clear, positive, and uncontradicted, it becomes the duty of the trial judge to direct a verdict if the issue is a controlling one in the case. *Union Trust Co.* v. *Car Co., supra.*

At the time of the trial of this case it was not possible to locate the driver Quisenberry, and hence his testimony was not available.

The defendants Linder and Schneider were co-partners and under the firm name of Flint Sanitary Wiping Rag Company were doing a laundry business and also furnishing machine shops with baled rags. They were erecting a new building close to the one occupied by their business, and at certain times they had hired Quisenberry to do odd jobs about this new building. He had never been employed in the plant that was then being operated. But he was a roommate and pal of a young man named Phillips who was employed by the partners to drive one of their two delivery trucks. The other truck when used seems to have been operated by one of the partners. On the day of the accident there was a call for a bale of rags to be delivered that afternoon. The call came in around 5 o'clock and after the regular time of closing. The driver Phillips was still out delivering with one of the trucks. Quisenberry heard the foreman who received the call say to another employee: "The delivery has got to be made this evening;" and Quisenberry thereupon volunteered to make the delivery of the bale of rags upon which the foreman placed a delivery slip. The foreman testified: "I said, 'Leave it alone. Phillips will be back in a little while.'" The foreman and the other employee then went to do some work in a remote part of the establishment from which the foreman could not or at least did not see either the bale of rags which stood out in front of the building or the other delivery truck belonging to the partnership. He testified that he was not aware Quisenberry had taken the truck until after the accident.

Only one of the partners (Mr. Schneider) was called as a witness, and he testified that Quisenberry was not employed by them on the date of the accident. He produced the firm's time books showing their employees of that date and also a check register

covering payment of wages to employees by which his testimony was corroborated. The foreman testified to the same effect. The latter's testimony relative to forbidding Quisenberry to undertake this delivery was corroborated by another employee, who testified:

"Quisenberry was standing around, that is all I saw him do; I heard Mr. Gibson (the foreman) say there was a bale to be delivered, and Quisenberry told him he would deliver it, and Gibson told him, no, never mind, that Phillips would be back in a while and he would take it over. That is all the conversation I heard him say. Then I went back of the boiler, quite a distance back, and Gibson came back to the boiler, too."

Plaintiff attempts to claim that certain admissions were made by Mr. Schneider relative to Quisenberry having been in the firm's employ on the day of the accident. The record does not justify this claim. All of the testimony bearing upon that question is against plaintiff's claim that Quisenberry was then in the employ of the other defendants or that their truck was being driven by him with their knowledge or consent either express or implied. By statute it is expressly provided that: "The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge." 1 Comp. Laws 1915, § 4825, as amended by Act No. 287, Pub. Acts 1925. In using this truck at the time, Quisenberry, under the undisputed proof, was a trespasser, and, regardless of how commendable his motives may have been, the owners cannot be held liable for his unlawful act. The uncontradicted proof opposed to the presumption as to Quisenberry's authority to use the truck was direct, positive, clear, and credible.

While the trial judge did not place his ruling as

to entering judgment *non obstante* on the ground of contributory negligence, we think he might well have done so. Plaintiff claimed the right to recover on the ground that Quisenberry was driving in violation of a city ordinance which provided:

"No vehicle shall cross the street or make a turn thereon, at a rate of speed exceeding ten miles per hour, in business sections, and twelve miles per hour in residence sections."

Not only did the testimony show that Quisenberry was violating this ordinance by driving at an excessive speed, but according to the testimony of all of plaintiff's own witnesses who gave evidence on that subject, her husband was also violating this ordinance by driving across Liberty street at substantially 20 miles per hour. Violation of the ordinance by plaintiff's husband did not constitute negligence *per se* which could be imputed to her; but this, together with the failure of both the plaintiff and her husband to continue to make reasonably careful observations of the approaching truck driven by Quisenberry at the excessive rate of 30 miles per hour, after each had seen him when he was approximately 100 feet from the intersection, unquestionably had a causal relation to this accident and constituted contributory negligence. The facts in this case bring it within the ruling of *Molby* v. *Detroit United Ry.*, 221 Mich. 419; *Halzle* v. *Hargreaves*, 233 Mich. 234; *Molda* v. *Clark*, 236 Mich. 277; and *Kerns* v. *Lewis*, 246 Mich. 423.

The judgment entered in the circuit court is affirmed.

FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.