TRANSCONTINENTAL INSURANCE CO. *v.* BERENS.

1. MOTOR VEHICLES—LIABILITY OF OWNER—PRESUMPTIONS.
   To overcome presumption created by 1 Comp. Laws 1929, § 4648, that son was driving father's truck with his knowledge and consent, evidence must be direct, positive, and credible.

2. SAME—QUESTION FOR JURY.
   Whether son was driving father's truck with his knowledge and consent, *held,* properly presented to jury under evidence.

Case-made from Allegan; Miles (Fred T.), J. Submitted April 10, 1931. (Docket No. 52, Calendar No. 35,508.) Decided June 1, 1931.

Case by Transcontinental Insurance Company, as assignee, against Harry and John Berens. Judgment for plaintiff against both defendants. Defendant John Berens brings case-made. Affirmed.

*Jarrett N. Clark,* for plaintiff.

*Leo W. Hoffman* and *Clare E. Hoffman,* for appellant.

Butzel, C. J.  Plaintiff Transcontinental Insurance Company, upon payment of a loss, took an assignment of the claim, and brought suit to recover the damages arising out of a collision of the car of its assured with a truck owned by John Berens, and driven by his son Harry Berens, defendants herein. The jury rendered a verdict against both defendants, and John Berens appeals from the judgment rendered thereon.  He claims that he is not liable under that part of 1 Comp. Laws 1929, § 4648, which provides:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle * * * (when it) is being driven with his or her express or implied consent or knowledge.  It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his * * * son * * * or other immediate member of the family."

He insists that there was positive testimony showing that the car was not driven with his express or implied knowledge or consent, that thus the statutory presumption had been overcome, and that the trial judge erred in not directing a verdict as requested in his favor.

The son testified that up to the time of his marriage, about eight months prior to the collision, he had resided at his father's home and driven his father's car; that he had not done so since he had married and established his own home some distance away; that he "was stuck" four or five miles from his father's home, and went there and took the truck. The father's testimony is brief and is herewith set forth in full:

"I am the father of Harry and the owner of the truck involved in this suit.

"*Q.* Did you ever give Harry Berens any permission or consent to his taking that truck?

"*A.* I did not.

"*Q.* Did you ever give Harry Berens any permission or consent to use your truck?

"*A.* I did not.

"*Q.* Were you home when he came and got it?

"*A.* I wasn't around the house.

"*Q.* Did you see him take it?

"*A.* No.

"*Q.* Did you know he had it at that time?

"*A.* Not at that time.

"*Q.* You learned that later?

"*A.* I learned that later, yes, sir."

*Cross-examination* by Mr. Jarrett N. Clark:

"I have owned an automobile, I think the first one in 1923.

"*Q.* And from that time on, you have let Harry drive your automobile?

"*A.* The first car I did.

"*Q.* Did you ever tell Harry that he couldn't drive your automobile?

"*A.* Which automobile?

"*Q.* Any?

"*A.* Sometimes I did.

"*Q.* When did you do that?

"*A.* I don't remember.

"*Q.* That was only once in a while or a special occasion?

"*A.* I don't know. ·

"*Q.* Well, isn't it a matter of fact, Mr. Berens, and didn't you tell your brother, Fred Berens, the township clerk of Blendon township of Ottawa county, that Harry came to you and asked for this truck and you told him he could take it, but be careful and not have any accidents?

"*A.* I don't know that any such thing happened.

"*Q.* Did you ever have a talk with your brother about that?

"*A.* I don't know.

"*Q.* Would you say you didn't?

"*A.* I don't remember.

"*Q.* Isn't it a fact, Mr. Berens, that Harry did ask you for that truck, and you let him take it to go and get the truck that was stuck over somewheres else?

"*A.* No.

"*Q.* You knew he had it, didn't you?

"*A.* Afterwards.

"*Q.* Before he took it, didn't you know it?

"*A.* No.

"*Q.* Did you send word to him and tell him to bring the truck back?

"*A.* I telephoned him.

"*Q.* Where did you telephone him?

"*A.* From my home.

"*Q.* Where to?

"*A.* Byron Center. I think he lived there at that time.

"*Q.* Why did you call up over the telephone then to Byron Center?

"*A.* I had to use it.

"*Q.* Oh, you had to use the truck?

"*A.* Yes, sir.

"*Q.* That is the only reason that you wanted it, to use the truck, and you were hauling gravel into the township, weren't you?

"*A.* I had to the next day.

"*Q.* The next day, and you wanted him to bring the truck back the next day, or in time so you could use it the next day, is that correct? That is the only reason why you wanted it back, so you could use it in drawing gravel for the township the next day? Say yes or no, please.

"*A.* Yes."

*Re-direct examination* by Mr. Leo W. Hoffman:

"*Q.* How did you learn that your son had the truck?

"*A.* From my wife.

"*Q.* She told you?

"*A.* She told me."

In order to overcome the statutory presumption, the evidence must be of a direct, positive, and credible character. The rule is stated by Mr. Justice NORTH in *Wehling* v. *Linder,* 248 Mich. 241, 243:

"One who is driving a motor vehicle incident to the owner's business is presumed to be duly authorized to so drive the vehicle; but it is the established law in this State that such a presumption prevails in favor of the litigant relying thereon only so long as that phase of the case is not covered by testimony to the contrary. *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410; *Union Trust Co.* v. *Car Co.,* 219 Mich. 557; *Depue* v. *Schwarz,* 222 Mich. 308; and *Noonan* v. *Volek,* 246 Mich. 377. If the testimony opposed to the presumption is clear, positive, and uncontradicted, it becomes the duty of the trial judge to direct a verdict if the issue is a controlling one in the case. *Union Trust Co.* v. *Car Co., supra.*"

A review of the quoted testimony shows that it is not clear, positive, and uncontradicted, so as to overcome the presumption, and it became the duty of the trial judge to submit the question to the jury. This he did in a proper charge, and the jury rendered a verdict against both defendants.

The judgment is affirmed, with costs to plaintiff.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.