### KARL v. GARY.

1. MOTOR VEHICLES—PRESUMPTION OF OWNER'S CONSENT MAY BE OVERCOME—STATUTES.

   Statutory presumption of consent of owner of automobile to his wife's driving it may be overcome by direct and positive evidence to contrary (1 Comp. Laws 1929, § 4648).

2. SAME—TRIAL—JUDGMENT NON OBSTANTE.

   Where, in action for damages caused by automobile collision, issue was not fairly presented to jury, judgment *non obstante veredicto* for defendant is set aside, on review, and new trial granted.

Error to Monroe; Root (Jesse H.), J. Submitted April 7, 1931. (Docket No. 12, Calendar No. 34,707.) Decided October 30, 1931.

Case by Ralph B. Karl against Carl Gary for damages resulting from an automobile collision. Judgment *non obstante veredicto* for defendant. Plaintiff brings error. Reversed, and new trial granted.

*Maxwell W. Benjamin,* for plaintiff.

*Frederick J. Plotts,* for defendant.

BUTZEL, C. J.   Plaintiff, Ralph B. Karl, brought suit against defendant, Carl Gary, of La Rue, Ohio, to recover damages caused by an automobile collision at Ash Center, Michigan, on the M-10 road, some 30 miles from the border line between Ohio and Michigan.   On November 5, 1927, defendant's wife took his car to go from their home in La Rue, Ohio, to Arlington, Ohio, some 35 miles distant, to call for their small daughter.   One Lester Lamb drove the car for Mrs. Gary.   At one time previous to the accident Lamb had worked for defendant and driven a truck for the company of which defendant was the local manager.   After the daughter was called for, defendant's wife, the daughter, and Lamb, drove into Michigan, where the collision occurred.   It is admitted that plaintiff was free from contributory negligence, and that he suffered damages through his car being negligently run into by defendant's car.   It is claimed that defendant is responsible under 1 Comp. Laws 1929, § 4648, which holds that the owner of a motor vehicle shall be liable for its negligent operation, etc., when driven with his express or implied consent or knowledge, and that such knowledge and consent shall be presumed if, at the time of said injury, the vehicle is driven by an immediate member of the owner's family.

Defendant testified that, on the morning of the accident, he consented to his wife taking the car and going from La Rue to Arlington in order to get their little girl.   He further testified that he did not authorize any one to drive his car into the State of Michigan, nor did he authorize the man

who was driving the car to drive it in either State, Ohio or Michigan. This was the only testimony tending to show that the wife did not ordinarily use the car without defendant's express consent. There was no question but that the woman in the car was defendant's wife, from whom, subsequent to the collision, and prior to March 12, 1926, the date of the trial, he had been divorced. Defendant was called as an adverse witness under the statute (3 Comp. Laws 1929, § 14220). At the conclusion of plaintiff's proofs, defendant moved for a directed verdict on the ground that he was not liable under the circumstances. The trial judge reserved his decision on the motion. He stated that he wanted the record to be complete so that this court could pass on it, if necessary.

The defendant produced another witness who briefly testified as to the value of the car. The judge thereupon charged the jury that defendant's consent solely depended upon their finding whether his wife was in the car or not. He failed to instruct the jury that the statutory presumption of the consent of the owner to his wife's driving the car could be overcome by direct and positive evidence showing the consent was not given, and that if the jury believed the evidence their verdict should be for the defendant. The jury rendered a verdict of $650 against defendant. The amount of the damages is fully supported by the evidence.

Defendant made a motion for judgment *non obstante veredicto*. The judge in granting this motion and entering judgment for defendant, stated:

"As a matter of fact, and I think that the testimony will support this conclusion, the wife of the defendant was running away with another man; she had, to all intents and purposes, stolen the car and was fleeing with her paramour."

This conclusion of the judge was not justified by the record. We do believe, however, that the issue was not fairly presented to the jury. The attorney for plaintiff asks that the judgment *non obstante veredicto* be set aside and that a new trial be granted. This request is a proper one.

The judgment *non obstante veredicto* is reversed, with costs to plaintiff, and the case is remanded for new trial.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.