### BRKAL v. PLETCHER.

1. EVIDENCE—PRESUMPTIONS—STATUTES—MOTORIST'S CONSENT TO USE OF CAR.

The statutory presumption that person driving defendant's car was doing so with the consent of the owner disappeared upon introduction of testimony on the subject (1 Comp. Laws 1929, § 4648).

2. WITNESSES—CROSS-EXAMINATION OF OPPOSITE PARTY UNDER STATUTE.

Defendant called as witness by plaintiff for cross-examination under statute became plaintiff's witness and plaintiff is bound by such testimony except in so far as it is disputed (3 Comp. Laws 1929, § 14220).

3. AUTOMOBILES—USE WITH CONSENT OF OWNER—EVIDENCE.

In action by administrator of minor's estate against owner of other car involved in fatal accident and latter's son where son was called for cross-examination under statute and his testimony was undisputed that driver of defendant's car was operating it without the owner's consent and against the father's protest as well as the protest of the witness, such testimony must be accepted, hence plaintiff was not entitled to recover from either the owner or his son (Comp. Laws 1929, §§ 4648, 14220).

Appeal from Berrien; Evans (Fremont), J. Submitted April 4, 1945. (Docket No. 40, Calendar No. 42,887.) Decided May 14, 1945.

Case by Samuel Brkal, administrator of the estate of John Brkal, deceased, against Clarence B. Pletcher, Sr., and Clarence B. Pletcher, Jr., for damages caused by decedent's death. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Thomas N. Robinson,* for plaintiff.

*J. T. Hammond,* for defendants.

WIEST, J. About 7 o'clock p.m., August 28, 1941, plaintiff's decedent, a boy then 15 years of age, was riding in a one-seated Ford car, driven by another boy on their way to fish in a lake. They drove east on the Berrien-Bridgman road and into its intersection with Cleveland avenue, a north-and-south crossing highway, and while in the intersection their car was struck by a car which entered the intersection from the north on Cleveland avenue. Both boys were killed as well as Worth Kennedy, the driver of the colliding car. This action was brought against Clarence B. Pletcher, Sr., owner of the colliding car, and Clarence B. Pletcher, Jr., his son.

At the trial plaintiff called defendant Pletcher, Jr., for cross-examination under the statute (3 Comp. Laws 1929, § 14220 [Stat. Ann. § 27.915]), and his testimony negatived the presumption that the car was being used with the knowledge or consent of the owner and affirmatively established the fact that the car was being used contrary to the express prohibition of his father, both as to him and Mr. Kennedy. The witness also testified that on the day of the accident his mother, who had been enjoined by

his father from letting him take the car, unless she accompanied him, permitted him to drive his grandfather to Three Oaks. At Three Oaks Mr. Kennedy, who was with him in the car, asked to be driven to Benton Harbor, and he complied. When ready to start for home from Benton Harbor Mr. Kennedy assumed the driver's seat against his protest, insisted upon driving the car, and was so driving at the time of the accident while the witness was asleep in the car and knew nothing about the accident until he awoke in the hospital some days later.

Plaintiff rested his case without questioning the mentioned testimony by contradictory testimony or impeachment.

The court thereupon, on motion of defendants, directed a verdict in their favor. Plaintiff appeals, claiming the court erred in holding the testimony of one of defendants, called for cross-examination, was sufficient to overcome and remove the statutory presumption of consent and knowledge by the owner of use of the motor vehicle by his son.* The statutory presumption disappeared when plaintiff offered testimony on the subject and rested his case upon such testimony. *Patt* v. *Dilley*, 273 Mich. 601.

We now consider the case as to defendant Pletcher, Jr., who wrongfully had his father's car at Benton Harbor where Kennedy took control thereof in driving home. It appeared from the uncontradicted testimony of defendant Pletcher, Jr., called by plaintiff under the mentioned statute, that Kennedy in driving the car at the time of the collision was doing so contrary to his will and against his protest and effort to prevent such driving. Plaintiff claims not to be bound by such testimony because of its improbability and cites an extract from Potter on Michigan Evidence, p. 44. The citation is not

---

* See 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).—Reporter.

apropos to the case at bar. We cite an opinion of this court, written by Mr. Justice POTTER in *Swank* v. *Croff*, 245 Mich. 657, and quote the following from the syllabus:

"Where plaintiff called defendants for cross-examination under the statute (3 Comp. Laws 1915, § 12554),* they were plaintiff's witnesses, and plaintiff is bound by their testimony, except in so far as it is disputed."

See, also, *Steele* v. *City of Ionia*, 209 Mich. 595; *Fleegar* v. *Consumers Power Co.*, 262 Mich. 537; *City of Detroit* v. *Porath*, 271 Mich. 42, and *In re Taylor's Estate*, 271 Mich. 404.

There being no testimony in the case contradicting or impeaching the testimony of defendant Pletcher, Jr., such testimony must be accepted and defeats plaintiff's claim of right of action against defendant Pletcher, Jr.

The judgment in the circuit court is affirmed, with costs to defendants.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

---

* 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—REPORTER.