KRISHER *v.* DUFF.

1. AUTOMOBILES—CONSENT OF OWNER—MEMBER OF FAMILY—PRE-SUMPTIONS.
   The statutory presumption that an automobile was being driven with the owner's consent if, driven by an immediate member of his family is a rebuttable presumption since deletion of the word "conclusively" by the legislature (CL 1948, § 256.29).

2. EVIDENCE—REBUTTABLE PRESUMPTIONS—BURDEN OF PROOF.
   The effect of a rebuttable presumption is to make out a prima facie case and cast the burden of proof on the opposite party.

3. SAME—PRESUMPTIONS—CREDIBLE EVIDENCE.
   Presumptions cannot be weighed against other credible evidence, for they have no value as evidence unless no other credible evidence whatsoever is introduced in regard to the presumed fact.

4. SAME—DISAPPEARANCE OF PRESUMPTIONS.
   Generally, presumptions disappear if and when credible evidence is introduced from which the facts may be found.

5. AUTOMOBILES—PRESUMPTION OF OWNER'S CONSENT—EVIDENCE.
   The evidence required to make presumption that owner consented to his automobile being driven by an immediate member of his family disappear, must be positive, unequivocal, strong and credible (CL 1948, § 256.29).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5–7, 9, 12, 14] 5 Am Jur, Automobiles § 366.
[1, 5–7, 9, 12, 14] Liability of owner under "family-purpose" doctrine, for injuries by automobile while being used by member of his family. 64 ALR 844; 88 ALR 601; 100 ALR 1021; 132 ALR 981.
[2] 20 Am Jur, Evidence § 133.
[3–5] 20 Am Jur, Evidence § 166.
[3–5] Comment note.—Presumption as evidence. 95 ALR 878, 881; 103 ALR 185; 114 ALR 1226; 115 ALR 404.
[8] 58 Am Jur, Witnesses §§ 865, 866.
[10] 53 Am Jur, Trial § 668.
[13] 53 Am Jur, Trial § 1004.

6. SAME—PRESUMPTION OF OWNER'S CONSENT.

The statutory presumption that an owner has consented that an immediate member of his family operate his automobile is given more weight because of the dangerous instrumentality involved, the danger of permitting incompetent driving on the highway and because the proof or disproof of consent or permission usually rests almost entirely with owner (CL 1948, § 256.29).

7. SAME—OWNER'S CONSENT—EVIDENCE—QUESTION FOR JURY.

The issue of the owner's consent to the driving of his automobile by an immediate member of the family may be submitted to the jury where there is some doubt cast on the credibility of the defendants or their witnesses, so that their evidence is not clear, credible and convincing (CL 1948, § 256.29).

8. SAME—OWNER'S CONSENT—EVIDENCE—CREDIBILITY OF INTERESTED WITNESSES.

The credibility of the evidence brought forth by defendants to rebut the statutory presumption that owner of automobile consented to its being driven by an immediate member of his family when involved in accident with plaintiff may be affected by the manner in which witnesses testify, if they are not disinterested witnesses (CL 1948, § 256.29).

9. SAME—OWNER'S CONSENT—PRESUMPTIONS—PREPONDERANCE OF EVIDENCE.

The question for consideration when defendants have overcome statutory presumption that owner of automobile consented to its use by an immediate member of his family is whether or not plaintiff can prove all of the issues in the case, including consent, by a preponderance of the evidence (CL 1948, § 256.29).

10. TRIAL—INSTRUCTIONS—STATUTES.

It is not necessarily error to refuse to mention the existence of a statute in charging a jury provided the judge states the law as embodied in the statute.

11. AUTOMOBILES—REQUEST TO CHARGE—OWNER'S CONSENT—EVIDENCE.

It was error for trial judge to refuse to charge jury, as requested by plaintiff, that defendant automobile owner whose car was driven by his brother when plaintiff was injured, must come forward with evidence of a clear, positive and credible nature to refute the presumption of knowledge or consent that defendant brother drive the car (CL 1948, § 256.29).

12. SAME—OWNER'S CONSENT—PRESUMPTIONS—DIRECTED VERDICT—
WEIGHT OF EVIDENCE.

The policy factors which weight the statutory presumption that
owner consented to operation of his automobile by an imme-
diate member of his family more strongly in favor of the
plaintiff exist whether the judge is considering a directed ver-
dict or the jury is considering the whole issue of knowledge
or consent (CL 1948, § 256.29).

13. TRIAL—FINDINGS IN CIVIL CASE.

The jury in a civil case is not required to make their findings
beyond a reasonable doubt, but only to determine in whose
favor the credible evidence preponderates.

14. AUTOMOBILES — INSTRUCTIONS — OWNER'S CONSENT — PRESUMP-
TIONS—EVIDENCE.

Charge to jury in suit for personal injuries sustained by plain-
tiff as the result of negligent operation of defendant owner's
car by his borther was error, where it failed to require the
defendant owner to bring in clear, positive and credible proof
to refute the prima facie case made out by the plaintiff (CL
1948, § 256.29).

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted October 12, 1951. (Docket No. 74, Calendar
No. 45,130.) Decided December 3, 1951.

Action by Clarence Krisher against John and
Michael Duff for injuries sustained in accident in
which automobile owned by Michael Duff and driven
by John Duff was involved. Verdict and judgment
for plaintiff against John Duff only. Plaintiff ap-
peals. Reversed and new trial granted.

*Harris, Stein & Hooberman,* for plaintiff.

*Davidson, Kaess, Gotshall & Kelly (Roy P. Nel-
son,* of counsel), for defendants.

BUTZEL, J. On August 19, 1945, at about 5:45 p.m.,
Clarence Krisher, plaintiff, suffered injuries through
an accident arising out of the negligent operation of

a Mercury car belonging to Michael and driven by his brother, John Duff, defendants herein. A judgment against John is not appealed from. The jury found in Michael's favor and plaintiff appeals. He contends that the court erred in its charge to the jury and in denying a motion for a new trial. We herein refer to Michael as the defendant.

John admitted his negligence but testified that at the time of the accident he was driving the car without either the knowledge or consent of Michael; that he had found a duplicate set of keys, which he used, in Michael's overalls in a closet. John previously while driving the Mercury had bent one of the fenders. Some time later and about 3 months prior to the time plaintiff was injured, John received a ticket for violation of traffic laws and the Mercury was impounded. When Michael recovered his car, John testified that he was forbidden its further use and that he thereafter was never given permission to drive the car, nor did he drive it until the day of the accident. Michael testified that he used the car every day to drive to and from his place of work which is about 15 miles distant from his home; that his day's work was over at 5 p.m. when he drove home but that he frequently used the car in the evenings; that after he arrived home the car was parked in a driveway alongside the home; that he was reasonably sure, but not positive, that John did not drive the car during the several months prior to the time of the accident; that he had expressly forbidden John to drive the car. Lauri John Johnson, a neighbor living near the Duff home, and a wholly disinterested witness, testified that during the months immediately preceding the accident he had seen John driving the car at 5 p.m. past the witness' house 5 days a week and also sometimes on Saturday. He thus specifically denied the testimony that John had not driven the car during the

time it is alleged he was forbidden to do so. It was summertime and daylight when Michael arrived home from his work. Windows and doors are usually open in the summertime and it would seem improbable that Michael would not have seen that the car was gone. A fair inference from the testimony makes it very doubtful that during all this period John could have driven the car without his brother's knowledge or consent.

At the close of the proofs, counsel for plaintiff requested the court to charge. the jury that there is a statutory presumption that the car was driven with the knowledge and consent of the owner, and that the defendant (owner) was required to produce clear, positive and credible proof to overcome such a presumption. The trial court refused to so charge but instead charged as follows:

"At the beginning of the case the plaintiff made out enough of a case to require the defendant to come in with an explanation of all the facts, by simply proving that John was the brother of Michael, and that Michael then owned the car in question. That is what we call a prima facie case. 'First appearance'—that is what prima facie means; and that required the defendant, Michael Duff, to come in and bring all the evidence in that had a bearing on whether John Duff was driving the 1941 Mercury car with his consent. The first issue before you is, does that testimony fairly and reasonably convince you that John Duff had Michael Duff's consent on that day to drive that car? If you are fairly satisfied by a fair preponderance of the evidence that you heard that John Duff did have Michael Duff's consent, either express or implied, to drive the car, then you have a right to hold Michael Duff liable for whatever damages are the proximate result of the negligence   *   *   *   if the best answer you can make   *   *   *   is, 'We don't know; the evidence does not convince us, and we don't

known whether John Duff had Michael Duff's consent to drive his car on that day,' then the burden of proof has not been sustained, and you are not entitled to return a verdict. * * *

"You are the sole judges of the evidence in the case, and you have to find from the evidence, and nothing else, affirmatively that John Duff was driving his car with the consent of Michael Duff. If you are able to say that the evidence fairly preponderates in favor of that conclusion, then you are entitled to say that the burden of proof has been sustained. * * * If the best answer you can make is 'We don't know, the evidence is not clear and convincing enough to prove it to us,' then you are entitled to say that the case is not proved."

Plaintiff, on appeal, contends that it was error for the trial court to refuse to charge as requested, and that the charge actually given was more favorable to the defendant than the law permits. The latter part of the quoted charge bears out appellant's claims. Our first inquiry then must be directed to the effect of the statutory presumption on which plaintiff relies. CL 1948, § 256.29 (Stat Ann § 9.1446), after providing that the owner of a motor vehicle shall be liable for injuries occasioned by the negligent operation of his vehicle, further states:

"The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family."

As the word "conclusively" which was originally in the statute was removed by the legislature, it is evident that this presumption was intended to have the effect of a rebuttable presumption. (For the

statutory history, see *Cebulak* v. *Lewis,* 320 Mich
710, 723 [5 ALR2d 186].)

It has been well settled in this State that the effect
of a rebuttable presumption is to make out a prima
facie case at the beginning of a trial. Having es-
tablished the original prima facie case, the presump-
tion then casts the burden of proof on the opposite
party. Presumptions cannot be weighed against
other credible evidence, for they have no value as
evidence unless no other credible evidence whatso-
ever is introduced in regard to the presumed fact.
As a rule they disappear if and when credible evi-
dence is introduced from which the facts may be
found.

The following cases fully support the above state-
ments as to rebuttable presumptions: Presumption
of undue influence when beneficiary draws will, *In
re Cochrane's Estate,* 211 Mich 370; presumption of
undue influence when property devised to one in a
confidential or fiduciary relationship, *In re Cotcher's
Estate,* 274 Mich 154; *Hill* v. *Hairston,* 299 Mich 672;
presumption of delivery of deed raised by recording,
*Gibson* v. *Dymon,* 281 Mich 137; *Blodgett* v. *Snobble,*
295 Mich 374; presumption of freedom from con-
tributory negligence, *Gillett* v. *Michigan United
Traction Co.,* 205 Mich 410; *Thompson* v. *Southern
Michigan Transportation Co.,* 261 Mich 440; *Heckler*
v. *Laing,* 300 Mich 139; *Essmeister* v. *Roadway
Transit Co.,* 275 Mich 387; presumption against
suicide, *Stuckum* v. *Metropolitan Life Ins. Co.,* 283
Mich 297; presumption of continuous employment,
*Klat* v. *Chrysler Corp.,* 285 Mich 241; presumption
concerning adverse possession, *City of Grand Rap-
ids* v. *Pere Marquette Railway Co.,* 248 Mich 686;
negligence in striking the rear of a car presumed
(statutory), *Patt* v. *Dilley,* 273 Mich 601; presump-
tion from tax records of taxes due and owing (statu-

tory), *City of Muskegon* v. *S. K. Martin Lumber Co.,* 86 Mich 625.

The presumption of consent or permission by the owner of an automobile arising through its use by the party causing the injury exists in practically every State in the Union including Michigan and is a rebuttable presumption as well. Generally speaking, the evidence to make this presumption disappear should be positive, unequivocal, strong and credible. The presumption is given more weight because of the dangerous instrumentality involved and the danger of permitting incompetent driving on the highway; and because the proof or disproof of consent or permission usually rests almost entirely with the defendants. The defendant owner frequently may be the only witness and not disinterested. In many States, including Michigan, statutes exist which specify that the owner shall be liable for negligent operation of a car being driven with his permission or consent, but we find nothing said as to proof of consent. It is stated in the case of *Wehling* v. *Linder,* 248 Mich 241, at 243:

"One who is driving a motor vehicle incident to the owner's business is presumed to be duly authorized to so drive the vehicle; but it is the established law in this State that such a presumption prevails in favor of the litigant relying thereon only so long as that phase of the case is not covered by testimony to the contrary. *Gillett* v. *Michigan United Traction Co.,* 205 Mich 410; *Union Trust Co.* v. *American Commercial Car Co.,* 219 Mich 557; *Depue* v. *Schwarz,* 222 Mich 308; and *Noonan* v. *Volek,* 246 Mich 377. If the testimony opposed to the presumption is clear, positive, and uncontradicted, it becomes the duty of the trial judge to direct a verdict if the issue is a controlling one in the case. *Union Trust Co.* v. *American Commercial Car Co., supra."*

This case did not involve a family car. See, also, *Foote* v. *Huclster,* 272 Mich 194; *Kieszkowski* v. *Odlewany,* 280 Mich 388; *Pulford* v. *Mouw,* 279 Mich 376; *Merritt* v. *Huron Motor Sales, Inc.,* 282 Mich 322; *Reitenga* v. *Kalamazoo Creamery Co.,* 288 Mich 161 (8 NCCA NS 28); *Wingett* v. *Moore,* 308 Mich 158; *Hicks* v. *Reis,* 21 Cal2d 654 (134 P2d 788); *Sharp* v. *Faulkner,* 292 Ky 179 (166 SW2d 62); *Claxton* v. *Page,* 190 Okla 422 (124 P2d 977); and *Bradley* v. *Savidge, Inc.,* 13 Wash2d 28 (123 P2d 780), for analyses similar to that of Michigan.

Other States give increased weight to this type of presumption. In *Schultz* v. *Swift & Co.,* 210 Minn 533, 537 (299 NW 7), the court said:

"We said, * * * 'The inferences to be drawn * * * may, of course, be rebutted and overcome by other evidence. But unless conclusively so rebutted, the questions would seem questions of fact for the jury.'

"The prima facie case is not overcome by the uncontradicted testimony of interested witnesses, 'if the evidence is for any cause inconclusive in its nature—as, for example, where different conclusions may be reasonably drawn from it, or where its credibility is doubtful.' (Citing cases.)"

The "family car" doctrine, as it has been termed, exists in many States and is embodied in the Michigan statute here in question. It is clear that the same policy factors operate to make this a stronger presumption than the ordinary rebuttable presumption. See the extensive discussion in *Cebulak* v. *Lewis, supra.* The Court said in part at page 723:

"We must give recognition to the fact that an automobile, if driven by an inexperienced, incompetent, or reckless driver, partakes of the nature of a dangerous instrumentality by reason of the danger which lies in the possible improper methods of its use. This fact removes the presumption * * *

from the field of those statutory presumptions applying to joint bank accounts, undue influence, * * * and the like. The difficulty of showing the consent of the owner except by evidence of facts and circumstances, where the owner and the driver may be the only persons who can directly testify that no consent was given to drive the car, has a distinct bearing on the construction of the statutory presumption here involved."

There is an even stronger rational basis for the presumption of consent to the use of the family car than for the presumption in general because of the high likelihood that those in the intimate family relationship would be aware of each other's movements. *Carlson* v. *Wolski*, 20 Wash2d 323 (147 P2d 291), involved an attempt to prove that grandparents had consented to the operation of their car by the grandson, who injured plaintiff. The common-law presumption was involved. The court said at page 332:

"While the presumption or inference of fact arising from proof of ownership of an automobile may be overcome by *competent evidence* from either interested or disinterested witnesses, nevertheless, to overcome such presumption, the testimony must be uncontradicted, unimpeached, clear, and convincing."

In the cases which have come before this Court in the interpretation of the statutory provision in question, we have dealt with the problem of how much rebutting evidence was needed to justify the court in taking the case away from the jury and directing a verdict in favor of the defendant. Such rebuttal may be accomplished on the testimony of the defendants alone, if such testimony is clear, positive and uncontradicted. *Christiansen* v. *Hilber*, 282 Mich 403; *Brkal* v. *Pletcher*, 311 Mich 258. These cases did not pass on the matter of instruction at all, as the holding was that the evidence warranted a

directed verdict. In the *Christiansen Case,* the Court said at page 410:

"If the testimony opposed to the presumption is clear, positive and uncontradicted, it becomes the duty of the trial judge to direct a verdict if the issue is a controlling one in the case."

On the other hand, if some doubt has been cast on the credibility of the defendants or their witnesses, so that their evidence is not clear, credible and convincing, it is proper to submit the issue of consent to the jury. In *Transcontinental Insurance Co.* v. *Berens,* 254 Mich 613, at 617, the Court said:

"In order to overcome the statutory presumption, the evidence must be of a direct, positive, and credible character. * * *

"A review of the quoted testimony shows that it is not clear, positive, and uncontradicted, so as to overcome the presumption, and it became the duty of the trial judge to submit the question to the jury."

This Court in *Karl* v. *Gary,* 255 Mich 621, at 623, stated:

"The judge * * * failed to instruct the jury that the statutory presumption of the consent of the owner to his wife's driving the car would be overcome by direct and positive evidence showing the consent was not given. * * *

"The issue was not fairly presented to the jury."

And in *Cebulak* v. *Lewis, supra,* at 724, the Court stated:

"The statutory presumption now under consideration in the instant case can be overcome only by evidence that is clear, positive, and credible."

The credibility of the evidence brought forth by defendants may be affected by the manner in which witnesses testify, if they are not disinterested witnesses. *Wingett* v. *Moore, supra.*

What constitutes clear, positive and credible evidence? It has been held that uncontradicted evidence given by defendants alone is sufficiently clear, positive and credible to rebut the presumption and justify a directed verdict for the defendant. *Christiansen* v. *Hilber, supra; Brkal* v. *Pletcher, supra.* On the other hand, if any doubt has been cast on the testimony of the defendants or their witnesses, either by evidence in rebuttal or by question as to the witnesses' credibility, the evidence is not clear, positive and credible, and the issue of whether or not the presumption of consent has been overcome should be submitted to the jury. *Transcontinental Insurance Co.* v. *Berens, supra; Karl* v. *Gary, supra; Cebulak* v. *Lewis, supra.* The result must necessarily vary as to the circumstances of each case.

The above process is entirely a determination as to whether or not the defendants have met the burden of going forward with the evidence which is cast upon them by the statutory presumption. If the defendants fail to meet this burden and overcome the presumption, a verdict for the plaintiffs must follow. If the defendants do present clear, positive and credible evidence to overcome the presumption they have not prevailed on the issue of consent but have merely succeeded in casting the burden of proof as to consent on the plaintiff. It will be seen, therefore, that this process involves 2 separate determinations:

1. Whether or not the presumption of consent has been overcome by clear, positive and credible proof;

2. If it has been overcome, whether or not the plaintiffs can prove all the issues of the case, including consent, by a preponderance of the evidence.

The statutes in the different States vary. Connecticut has a statute similar to ours. Gen Stat, Conn 1949, § 7904. It was there held in *O'Dea* v. *Amodeo,* 118 Conn 58, at 63, 65 (170 A 486):

"But where the circumstances involved in an is-sue are peculiarly within the knowledge of the one party and his power to bring them before the court, in certain instances the law deems it fit that he should have the burden not merely of offering some substantial countervailing evidence but of proving such circumstances.    *    .*    *

"The situation presented is similar to those to which we have referred where the presumption rests upon the fact that the circumstances involved in the issue are peculiarly within the knowledge of the defendant, and as to which we have said that unless the defendant proves the actual circumstances of the case, the presumption is not rebutted."

In the instant case it was not error to refuse to mention the existence of the statutory presumption. When the trial court stated that the plaintiff had made out a prima facie case by proving the owner-ship of the car and the relationship between the par-ties; that the defendant was required to come in with an explanation of all the facts thereafter, it properly, so far as it went, interpreted the law to the jury. It is not necessary that the jury be in-formed of the statutes upon which the law is based. In *Cebulak* v. *Lewis, supra,* it was held not error for an attorney to mention the statute to the jury in his opening and closing arguments, when the ques-tion of whether or not the presumption had been overcome was one for the jury. However, as we have stated above, it is not necessarily error to re-fuse to mention the existence of the statute provided the judge states the law as embodied in the statute. Here the judge properly submitted the case to the jury but not with a proper charge. It was error to refuse to charge the jury, as requested by plaintiff, that the defendant must come forward with evidence of a clear, positive and credible nature to refute the presumption of knowledge or consent. *Cebulak* v.

*Lewis, supra,* is the controlling authority here. The Court in that opinion states at page 724:

"The statutory presumption now under consideration in the instant case can be overcome only by evidence that is clear, positive and credible. *Transcontinental Insurance Co.* v. *Berens,* 254 Mich 613; *Karl* v. *Gary,* 255 Mich 621; *Christiansen* v. *Hilber,* 282 Mich 403. This would seem to cast upon the defendant here the burden of producing *clear, positive* and *credible* proof to overcome the presumption." (Italics ours.)

Defendants argue that the Court in the *Cebulak Case* and the cases cited therein is only talking about the amount of proof which is required by the defendant to permit or require the judge to render a directed verdict; that when the Court speaks of presumptions differing in weight to be accorded, it is speaking solely of the amount of evidence required to overcome the presumption so as to allow the judge to direct a verdict and nothing more.

An examination of the consequences of this contention convinces us of its error. The policy factors which weight this presumption more strongly in favor of the plaintiff exist whether or not the judge is considering a directed verdict or the jury is considering the whole issue of knowledge or consent. The policy of the law will be defeated, in fact, the statute will be emasculated, unless the jury in some general manner is informed of the apparent liability of the owner and the necessity of clear, positive and credible proof required to show the absence of consent when that issue is for their determination.

In this case, the testimony of the witness Lauri John Johnson casts at least some doubt upon the testimony of the defendants that John drove the car without the knowledge and consent of Michael and was not customarily given permission to drive

the car.   The evidence for the defendants was not undisputed as it was in *Karl* v. *Gary, supra,* or *Christiansen* v. *Hilber, supra;* instead the circumstances were such that the credibility of all the witnesses should have been considered by the jury in determining whether or not the original prima facie case has been overcome by clear, positive and credible proof.   *Transcontinental Insurance Co.* v. *Berens, supra; Cebulak* v. *Lewis, supra.*   Not merely did the defendant have the duty of bringing in all the evidence that had a bearing on whether John Duff was driving the 1941 Mercury car with his consent, but he had the duty of bringing in clear, positive and credible proof to refute the prima facie case made out by the plaintiff.   Then, and only then, would the presumption be rebutted and vanish, leaving the burden of proof on the plaintiff as to consent.

In a civil case a jury is frequently confronted with determining the credibility of witnesses.   They are not required to make their findings beyond a reasonable doubt, but only to determine in whose favor the credible evidence preponderates.   In reviewing the charge of the judge as a whole, we believe that it was more favorable to the defendant than the law permits.   The charge also wound up by emphasizing to the jury that if they did not know, they must decide that "the case is not proved."   This meant if they had any doubt they were to decide in defendant's favor.   The charge of the trial court, therefore, constitutes prejudicial error.

The judgment in favor of defendant Michael Duff is reversed, with costs of both courts, and the case is remanded for new trial.

REID, C. J., and BOYLES, NORTH, BUSHNELL, and SHARPE, JJ., concurred with BUTZEL, J.   DETHMERS and CARR, JJ., concurred in the result.