## MINER v. PATRICK

TRIAL—CONVERSION—PERSONAL PROPERTY—QUESTION OF FACT.
  Removal from consideration by the jury of the value of personal items of property in an action by a decedent's first wife against his second wife for conversion of personal property owned by first wife but used by decedent and his second wife would be an unwarranted invasion of the jury's function where divorce judgment gave first wife all of the personal articles in the house and second wife brought with her into the marriage home various furnishings, silver, china, and other goods, but removed goods claimed by plaintiff when she moved out.

Appeal from Wayne, Kaufman (Charles), J. Submitted Division 1 December 11, 1968, at Detroit. (Docket No. 4,028.)    Decided January 27, 1969.

Complaint by Grace E. Miner against Rachael A. Patrick for conversion of furniture and household goods. Judgment for plaintiff. Defendant appeals. Affirmed.

*Murdoch J. Hertzog,* for plaintiff.

*Piggins, Balmer, Grigsby, Skillman & Erickson,* for defendant.

PER CURIAM. Plaintiff is the divorced wife of defendant's deceased husband, suing the relict defend-

ant for conversion of furniture and household goods which plaintiff claims were part of her divorce judgment.

In the original divorce judgment, plaintiff here was to have the home and furnishings and "all equipment and personal property", but deceased continued to live there and pay plaintiff a monthly rental.

Defendant moved to the homestead after her marriage to the deceased, bringing furnishings, china, silver, and other goods. The couple bought other new furnishings. After the demise of plaintiff's ex-husband, plaintiff demanded an increased rent from defendant, finally ordering her to move out. This she did, taking things with her.

Plaintiff sued, providing a detailed bill as to what defendant took. At trial, plaintiff admitted some things were left behind, but alleged them to be of little worth. The jury returned a verdict of $15,000 for plaintiff. Defendant appeals, claiming insufficient evidence, a verdict contrary to the overwhelming weight of evidence, and that most of the claimed items should have been disallowed as a matter of law.

A review of the record shows the plaintiff introduced sufficient evidence to result in a question of fact for the jury to decide. See *Schreiner* v. *American Casualty Company* (1965), 1 Mich App 43, 47, quoting from 22 Michigan Law & Practice, Trial, § 137, p 312.

On the question of the verdict being contrary to the overwhelming weight of the evidence, particularly allegedly unrebutted testimony of the maid, we find sufficient evidence to allow the jury to make a determination. See *Krisher* v. *Duff* (1951), 331 Mich 699, wherein it is pointed out that a civil jury

must only determine in whose favor the credible evidence preponderates.

Interpretation of the original divorce judgment leads to the conclusion that all of the personal articles within the house were awarded plaintiff here. For the court to remove personal items from jury determination concerning damages would be an unwarranted invasion of the jury's function.

Affirmed. Costs to appellee.

McGregor, P. J., and Fitzgerald and Cynar, JJ., concurred.