SZYMBORSKI *v.* SLATINA

1. AUTOMOBILES — NEGLIGENCE — REAR-END COLLISION — REBUT-
    TABLE PRESUMPTIONS — EVIDENCE — INSTRUCTIONS TO JURY.
        Under the statute providing that the driver of a vehicle which
        collides with the rear-end of another vehicle is presumptively
        negligent, only upon "clear, positive, and credible" evidence
        (MCLA § 257.402).

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Other Highway Traffic § 770
    *et seq.*
[2] 7 Am Jur 2d, Automobiles and Other Highway Traffic §§ 359,
    360.
    Instructions on sudden emergency in motor vehicle cases.  80
    ALR2d 5.

2. AUTOMOBILES — NEGLIGENCE — SUDDEN EMERGENCY — AFFIRMA-
TIVE DEFENSE — INSTRUCTIONS TO JURY.

> The "sudden emergency" rule is not an affirmative defense, hence
> it is not error for the trial judge to refuse to charge the jury
> that the defendant must establish by a preponderance of the
> evidence that an emergency existed.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 June 10, 1970, at Detroit. (Docket No. 6,924.) Decided September 29, 1970. Leave to appeal granted December 1, 1970. 380 Mich 785.

Complaint by Rosella and Joseph Szymborski against Phillip Slatina and Main Sand & Gravel Company for damages for injuries sustained in an automobile accident. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Boesky, Lippitt & Lakin,* for plaintiffs.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for defendants.

Before: R. J. DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY,* JJ.

V. J. BRENNAN, J. Plaintiff was injured when her automobile was struck from the rear by a truck driven by defendant Slatina and owned by the defendant company. At the trial plaintiff testified that she stopped her car in order to allow the car in front of her to complete a left turn, and while she was at a standstill, she was struck by the defendant's truck. Defendant, on the other hand, asserted that the plaintiff swerved in front of him and then came to a sudden stop. He claimed that his conduct was reasonable in the light of the sudden emergency.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

From a jury verdict of no cause of action, plaintiffs appeal.

Plaintiff raises two assignments of error which question the sufficiency and accuracy of the trial court's charge to the jury on the issue of the "sudden emergency" rule.

First, it is said that it was error for the trial court to refuse to instruct the jury that the presumption of negligence created by a rear-end collision[1] can only be rebutted by evidence that is "clear, positive, and credible." Plaintiff cites *Krisher* v. *Duff* (1951), 331 Mich 699, as authority for this proposition. In that case the Court had before it the "owner's consent" presumption,[2] and limited its holding to the particular statute involved:

"The presumption of consent or permission by the owner of an automobile arising through its use by the party causing the injury exists in practically every State in the Union including Michigan and is a rebuttable presumption as well. Generally speaking, the evidence to make *this* presumption disappear should be positive, unequivocal, strong and credible. The presumption is given more weight because of the dangerous instrumentality involved and the danger of permitting incompetent driving on the highway; and because the proof or disproof of consent or permission usually rests almost entirely with the defendants. The defendant owner frequently may be the only witness and not disinterested." *Krisher* v. *Duff, supra,* 706 (Emphasis supplied.)

Where, however, we are dealing with the rear-end presumption, it appears that the standard urged by the plaintiff is pertinent only to the issue of whether the presumption has been rebutted as a matter of

[1] MCLA § 257.402 (Stat Ann 1968 Rev § 9.2102).
[2] MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101).

law. *Petrosky* v. *Dziurman* (1962), 367 Mich 539, 547. This standard is one for the judge. If the evidence is less than clear, positive and credible, "the question whether such presumption has been overcome should be settled—on proper instruction of course—in the jury room." *Petrosky* v. *Dziurman, supra,* 544, 545, citing *Garrigan* v. *LaSalle Coca-Cola Bottling Co.* (1961), 362 Mich 262. The trial court did not err in refusing to instruct that the *jury* could find that the presumption was rebutted only upon clear, positive, and credible evidence.

Plaintiff next contends that the "sudden emergency" rule is an affirmative defense and that the trial court erred in refusing to charge that defendant has the burden of proof as to that issue. It is true that the burden of establishing an affirmative defense is on the defendant, *Redding* v. *Snyder* (1958), 352 Mich 241, but where none is raised, the defendant does not bear the burden of proof as to his defense. *Weaver* v. *Motor Transit Management Co.* (1930), 252 Mich 64. What we said in *Vander Laan* v. *Miedema* (1970), 22 Mich App 170, 174, 175, is dispositive of the question raised here:

"The doctrine of sudden emergency is a 'logical extension of the "reasonably prudent person" rule,' and as such *is not an affirmative defense. Baker* v. *Alt* (1965), 374 Mich 492, 496. As it was said in *Baker,* at p 496, the 'test to be applied is what that hypothetical, reasonably prudent person would have done under all the circumstances of the accident, whatever they were.'" (Emphasis supplied.) ·

Since the "sudden emergency" rule is not an affirmative defense, it was not incumbent upon the defendant to establish by a preponderance of the evidence that an emergency existed nor was it error for the judge to refuse to so charge.

We find no merit in plaintiff's contentions and the judgment of the circuit court is therefore affirmed. Affirmed.